ALBANY,
August, 1809.

Robbins
v.
Bingham.

Robbins *against* Bingham.

Where A. gave a letter of credit to B. for goods to the amount of 800 dollars, addressed to C. who delivered to B. a part of the goods, and the residue was delivered to him by D. and E. on the same letter of credit; in an action brought by C. against A. for the whole, it was held, that he was responsible, only for the goods delivered by C. such a letter of credit not being assignable.

THIS was an action of *assumpsit.* The declaration stated, that the defendant, in consideration that the plaintiff, at the special instance and request of the defendant, would credit one *Heman Dickenson,* goods, &c. to the amount of 800 dollars, the defendant would be security. for the payment, &c. and averred,. that the plaintiff did deliver to *Dickenson,* goods, to the value of 800 dollars, &c.    *Plea, non assumpsit.* At the last *Rensselaer* circuit, by agreement of both parties, the cause was referred to three referees, and if any questions of law should arise, before the referees, they were to be referred to one of the judges of this court.

The parties, afterwards, agreed, that the evidence, submitted to the referees, and the law arising thereon, should be stated in the form of a case, and submitted to the decision of this court, and that judgment should be entered thereon, according to the opinion of the court, in the same manner, as if there had been a verdict in the case.

The plaintiff produced before the referees, a letter of credit, from the defendant, directed to the plaintiff, as follows : " *Fairfield, October* 2, 1804. Sir, if you will credit, *Heman Dickenson,* goods, to the amount of 800 dollars, I will be his security, that he shall pay you according to the contract. *Solomon Bingham,* jun." On the back of the letter of credit, was endorsed by *Dickenson,* as follows, to wit : " Received, the 15th and 16th *October,* 1804, on account of the within letter of credit, or recommendation, the following sums of money, in goods, to wit, of *John Robbins,* the sum of 293 dollars and 22 cents ; of *Gersham Richards* and sons, the sum of 237 dollars and 62 cents ; and of *Russel* and *Tracy,*

*& Co.* the sum of 55 dollars and 89 cents, amounting in the whole to 586 dollars and 63 cents."

It appeared that the goods mentioned as received from the plaintiff, were delivered by his clerk to *Dickenson*, and not having goods which suited, to the full amount of the letter of credit, he went with *Dickenson* and the letter of credit to the other persons, and offered them the benefit of the letter of credit for the residue, saying, that the defendant was a good man for the amount ; that the other persons let *Dickenson* have goods to the amount, specified in the indorsement, and which were charged to *Dickenson* in their books. It appeared also, that the plaintiff had been paid for the amount of the goods delivered by him to *Dickenson.* The referees reported in favour of the plaintiff for 377 dollars and 28 cents, including goods delivered by *Richards* and Son, and *Tracey & Co.* as indorsed on the letter of credit.

*Van Vechten*, for the defendant, moved to set aside the report of the referees.

*Foot*, contra.

*Per Curiam.* The interest of the plaintiff, in the letter of credit, was not any assignable interest ; it was not a general letter of credit, but addressed to a particular person. The defendant was responsible to the plaintiff only for the goods delivered by him, and not for the goods delivered by others. The report of the referees must be set aside.

                                        Rule granted.