## Case No. 1,537.

### BLEEKER v. HYDE.

[3 McLean, 279.][1]

Circuit Court, D. Michigan. Oct. Term, 1843.

GUARANTY— LETTER OF CREDIT TO A PARTICULAR FIRM — PURCHASES FROM ANOTHER FIRM — APPROVAL BY GUARANTOR—TAKING POSSESSION TO PREVENT LOSS—ACCEPTANCE OF GUARANTY.

1. A letter of credit, to a particular firm, and which guaranties the payment, will not bind the guarantor, if the purchase be made of other persons.

[Cited in First Nat. Bank v. Hall, 101 U. S. 51.]

2. Such a contract is not to be extended beyond the manifest intention of the parties.

3. But where the goods were purchased in the name of the guarantor, and he examines the invoices and approves of the same, he is clearly bound.

4. And especially is he bound, if he take possession of the goods, with the view of preventing a loss.

5. Under such circumstances no notice of the acceptance of the guaranty was necessary.

[At law. Action by Bleeker against O. M. Hyde for goods sold on faith of a letter of credit. Verdict and judgment for plaintiff.]

Joy & Lockwood, for plaintiff.

Buell & Wetherall, for defendants.

OPINION OF THE COURT. The defendant gave the following letter of credit: "Messrs. Erastus Corney & Co. New York. Gentlemen, I hereby authorise Messrs. A. & D. Wallingsford to purchase goods, such as they may wish to, in my name and on my account, to the amount of twenty-five hundred dollars. (Signed,) O. M. Hyde, 20th Sept. 1841." Under this letter Wallingsfords purchased goods of Corney & Co. to the amount of $1453, and of the plaintiff to the amount of $1046.04.

It is objected that the letter of credit did not authorize a purchase from the plaintiff, and that consequently the defendant is not bound. In Grant v. Naylor, 4 Cranch, [8 U. S.] 224, it was held that a letter of credit addressed by mistake to John and Joseph Naylor, and delivered to John and Jeremiah Naylor, will not support an action by John and Jeremiah, for goods furnished by them to the bearer, upon the faith of the letter of credit. A surety is not answerable beyond the scope of his engagement. Walsh v. Bailie, 10 Johns. 179; Penoyer v. Watson, 16 Johns. 99; Robbins v. Bingham, 4 Johns. 476. Although the letter of defendant is directed to Corney & Co., yet it does not appear from its language to have been alone intended for them. The language is general—"that he had authorized A. & D. Wallingsford, to purchase goods on his account to the amount of twenty-five hundred dollars." He does not say he had authorized the purchase of goods from them. Had such been the language of

[1] [Reported by Hon. John McLean, Circuit Justice.]

the letter, it would be clear from the cases above cited, that, by virtue of the letter, the defendant would not have been bound by a purchase from any other person or firm. But the case does not necessarily turn upon the construction of the letter of credit, as it has been proved that after the purchases were made, the defendant saw and approved of the invoices. And it further appears that the defendant took the remaining goods into possession, on the ground that he was bound to pay for them. The goods were charged to the defendant in the invoices. This is sufficient to show that the defendant approved of the purchases, and he is consequently bound to pay for them. No notice of the acceptance of the letter of credit, by the plaintiff, was necessary, as the purchases were made in the name of the defendant. Verdict for the plaintiff and judgment.