CHARLES H. JOHNSON, plaintiff in error, vs. CHARLES W. BROWN et al., defendants in error.

A letter of credit guaranteeing the payment of what the party in whose favor it is drawn may purchase from any dealer in a certain city, cannot be altered without the drawer's consent, so that it will bind them for what may be purchased of dealers in another and different city.

Guaranty. Alteration. Before Judge HALL. Pike Superior Court. April Adjourned Term, 1873.

Charles H. Johnson brought assumpsit against Charles W. Brown and James C. Hightower, on the following instrument:

"BARNESVILLE, December 31st, 1860.

"To whom it may concern: This is to certify that we believe J. W. Owen and H. F. Owen, who are desirous of buying some stock in the carriage and wagon line, good for what they may buy, to the amount of $600 00; and any person living in Griffin, Georgia, who may feel disposed to sell them, will please do so on as long time and as low price as possible, and should they not pay on its becoming due, we do hereby promise to see it paid.

(Signed)          "C. W. BROWN,

                      "JAMES C. HIGHTOWER."

The declaration alleged that on the faith of said letter of credit, the plaintiff, on January 14th, 1861, at the city of Griffin, sold to said J. W. and H. F. Owen, under the firm name of Owen & Brother, goods to the amount of $201 25,

taking their promissory note therefor, payable sixty days after the date thereof; that said Owen & Brother failed to meet said note at maturity, whereupon said defendants became liable as guarantors, etc.

. The defendants pleaded the general issue, non est factum, and that they did not sign the paper sued on as it now appears, but that said paper was originally addressed to any person in the city of Macon, and the same was afterwards changed to Griffin, by some party, without the knowledge or the consent of the defendants, which alteration relieved them of all liability thereon.

The evidence is unnecessary to an understanding of the decision, and is therefore omitted.

The court charged the jury, among other things, "that if they believed from the evidence that in the letter of credit signed by the defendants, the word 'Macon' was originally written, and the same was afterwards, without the knowledge and consent of the defendants, erased, and the word 'Griffin' substituted in place of Macon, then this is a material alteration of the letter, and you should find for the defendants."

The jury found for the defendants. The plaintiff moved for a new trial because of error in the aforesaid charge. The motion was overruled, and plaintiff excepted.

SPEER & STEWART, for plaintiff in errror.

J. A. HUNT; S. C. McDANIEL, for defendants.

TRIPPE, Judge.

The reply made by plaintiff in error to the plea and evidence of defendants is, that the alteration is immaterial, that it could not be a matter of interest to them that credit should have been given on the faith of their letter in Griffin instead of in Macon. We think that both on principle and authority the alteration of the letter vitiated it. First, the writers of the letter may have had many reasons to prefer the credit being given in Macon. It may have been the headquarters

of their own moneyed transactions. Their own consignments or deposits may have been there. It might have been easier for them to have made payments in Macon than elsewhere, to have procured accommodations so as to meet whatever liabilities might fall upon them on account of the letter, and generally to have run less risk of affecting their own credit, by giving a guaranty which was to be met at Macon. And, further, they had a right to limit the market where their own character for responsibility, etc., was to be tested—for instance, to a place where they might have been known—rather than where inquiry would be provoked by comparative non-acquaintance. Be the cause what it may have been, they had a right to indulge their own preference in fixing a very reasonable condition to their guaranty, whether outsiders could appreciate it or not. In Bleeker vs. Hyde, 3 McLean, 279, it was held that "a letter of credit to a particular firm, and which guarantees them payment, will not bind the guarantor if the purchase be made of other persons." In this case the writer of the letter was held to be bound, but it was from the fact that after the purchase was made he saw and approved of the invoices, and also that he took part of the goods into his possession on the ground that he was bound to pay for them. The principle was distinctly recognized as given in the quotation made. So in Grant vs. Naylor, 4 Cranch, 224, it was held that a letter of credit addressed to John and Joseph Naylor, and delivered to John and Jeremiah Naylor, will not support an action by the latter for goods furnished by them to the bearer upon the faith of the letter of credit, and this, too, although the letter was wrongly addressed by mistake. The decision goes pretty far in reference to the question of mistake, and whether that was right or wrong, the case is undoubtedly authority on the point for which it is referred to. There was no evidence in either of these cases showing that the drawer of the letter was injured, or would in any wise be injured on account of the matter pleaded. They were put on the ground that a surety is not bound beyond the scope of his engagement: 10 John., 179; 4 Ibid, 475; 16 Ibid., 99. The same

doctrine is recognized in the elementary authorities as decided in the cases from Cranch and McLean. If this be so, as to who may be parties plaintiff, or who may become creditors on such letters addressed to particular persons, why is it not equally applicable to letters drawn on particular places? The principle is the same.

Judgment affirmed.