W. J. MONTGOMERY v. N. Q. HENDERSON AND JOHN IRELAND.

(No. 1642, Op. Book No. 3, p. 719

APPEAL from Travis County.    Opinion by WINKLER, J.

§ 166. *Guarantor; surety; notice.*    Suit was brought by M. against H. and I., upon the following instrument in writing, and indorsement thereon: "Seguin, November 3d, 1877.    J. H. R. & Co., Austin.    Gentlemen: Mr. N. Q. H. desires an accommodation from you of one hundred and fifty dollars at three or four months.    Should you be able to accommodate him, consider this as an indorsement by me for him to that amount.    Very respectfully, J. I."    This was a telegram from I. to J. H. R. & Co., and was accompanied by a telegram to N. Q. H., as follows:    "If you can get the one hundred and fifty dollars from any source at three or four months, this shall be surety therefor.    J. I."    H. failing to get the money from J. H. R. & Co., obtained it from the plaintiff, M.    *Held*, 1. That I. was not merely an indorser for H., but was liable as an original surety for the money obtained upon the telegram, and such liability was coextensive with that of H., the principal.    [Brandt on Suretyship and Guar. § 1.]    2. That I. was not entitled to notice that H. had obtained the money from M. upon the telegram, because the contract was absolute and complete in its terms, without conditions as to terms or amount.    [Wade on Notice, § 394; Allen v. Rightmere, 20 Johnson, 365; Bleeker v. Hyde, 3 McLean, 279; Brud v. Hillhouse, 7 Conn. 523; Foster v. Barney, 3 Vermont, 60; Train v. Jones, 11 Vermont, 444; Russell v. Buck, id. 166; Penny v. Crane Bros. 80 Ill. 244.]

§ 167. *Letter of credit; notice of acceptance of.*    Where the collateral liability arises on a letter of credit, generally or specially addressed, which is indefinite as to the amount and the time within which the credit or future advances are to be extended or given, although the lan-

guage of the instrument may be technically consistent with the idea of a present absolute undertaking, as distinguished from a mere proposal to guaranty, except where it is a continuing guaranty, the party executing such instrument should not be held liable thereon, without notice, express or implied, of the acceptance of the guaranty, unless there had been a previous understanding that the credit would be given in case it was authorized by the guarantor. [Wade on Notice, § 405.]

Reversed and remanded.