## FLETCHER GUANO COMPANY v. BURNSIDE.

HILL, J.  1. A letter was written by B. to K. as follows: "Let William Copeland and Will Passmore have what fertilizers they need this year, and I will be responsible for the payment of it," and in pursuance of the letter K. induced and procured the F. G. Co. to sell to C. fertilizers to the amount of $154.20, for which C. signed notes payable to the F. G. Co.  B. refused to sign the notes when presented to him, and wrote to K. a letter stating his refusal to sign, and declaring: "I propose to make them bring up their cotton and pay their guano notes, even if I lose the rent. . . If they still insist on my signing the notes, let me know at once." In a petition brought by the F. G. Co. against C. and B., to recover the price of the fertilizers, it was alleged that B. had knowledge that the plaintiff had sold and furnished the fertilizers to C. in pursuance of B.'s letter directed to K., and that B. had knowledge that K. was acting for him in procuring the goods to be sold to C.  *Held*, that it was not error to sustain a demurrer filed by B. on the ground that the petition set out no cause of action against him.

2. A letter of credit addressed to a certain person will not be binding on the drawer of the letter in favor of a third person who is induced by the drawee to let the party named in the letter have certain goods. *Johnson* v. *Brown*, 51 *Ga.* 498; 1 Page on Contracts, § 51, p. 88; 25 Cent. Dig. 59.  And see *Adams* v. *Williams*, 125 *Ga.* 430 (54 S. E. 99). *Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*
                                    DECEMBER 16, 1914.

Complaint.  Before Judge Gilbert.  Harris superior court.  October 12, 1913.

*A. L. Hardy,* for plaintiff.

*McLaughlin & Shanks* and *J. B. Burnside,* for defendant.