## ABRAHAM LINCOLN LIFE INS. CO. et al. v. REYNOLDS MORTGAGE CO. *

Circuit Court of Appeals, Fifth Circuit.
February 11, 1929.

No. 5391.

J. H. Barwise, of Fort Worth, Tex. (Allen & Converse, of Springfield, Ill., and Thompson & Barwise, of Fort Worth, Tex., on the brief), for appellants.

Sidney L. Samuels and P. Walter Brown, both of Fort Worth, Tex., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

*Rehearing denied April 6, 1929.

BRYAN, Circuit Judge. The Abraham Lincoln Life Insurance Company and the Marquette Life Insurance Company sued the Reynolds Mortgage Company in an action at law to recover the aggregate amount of deficiencies arising out of two mortgage foreclosure sales. Trial by jury was waived in writing, and the judgment of the District Judge was that a plea in abatement as to the Marquette Company be sustained, on the ground that it had been taken over by the Lincoln Company and had ceased to do business, and that the Lincoln Company take nothing by its suit.

In the view we take of the case, it was unnecessary to make the Marquette Company a party plaintiff, and so it becomes immaterial to inquire whether that company still had the capacity to sue. The action was based on the following contract:

"This agreement, made and concluded this the 24th day of January, 1919, between the Reynolds Mortgage Company, a corporation organized under the laws of the state of Texas, of Fort Worth, Texas, party of the first part, and the Marquette Life Insurance Company, of Springfield, Illinois, party of the second part, witnesseth as follows, to wit:

"Whereas, the party of the second part has purchased, and may from time to time in the future purchase, certain notes secured by deeds of trust and vendor's liens, the rate of interest to be agreed upon in each instance, from the party of the second part:

"Now, therefore, in consideration of the sum of one dollar and other good and valuable consideration, it is hereby stipulated and agreed that the said party of the first part guarantees to the said party of the second part that, in case of the foreclosures of any of the deeds of trust or vendor's liens securing notes so purchased or that may be purchased in the future, the real estate covered by the said deeds of trust or vendor's liens will pay the full amount of the debt, interest, and costs, including the attorney's fees in the said foreclosure, and that, if the said second party is unable to realize the full amount of the debt, interest and costs, and attorney's fees at the said foreclosure sale, then the said first party will upon ten days' notice, reimburse the said second party for any deficiency in the amount so realized from the said sale, or at the option of the second party.

"It is further agreed that, upon sixty days' default in the payment of any principal or interest that may become due upon any of the said notes so purchased or to be purchased, the said first party agrees to either pay in cash to the said second party the full amount of principal and interest then due, or to substitute another note or notes secured by deeds of trust or vendor's liens satisfactory to the party of the second part, and bearing an equal rate of interest, and the second party shall reassign the notes and deeds of trust or vendor's liens, upon which the said default has occurred, to the said first party.

"It is further stipulated and agreed that the said first party shall act as agent for the second party in the collection of principal and interest on the notes purchased by the second party, and it shall remit the same upon the date it becomes due in New York exchange, to the said party of the second part at Springfield, Illinois."

During the year 1919, after the execution of that contract, the Reynolds Mortgage Company made two loans, aggregating $20,000, accepted notes therefor secured by mortgages upon real estate, and assigned the notes and mortgages to the Marquette Company in consideration of the face of the loans. The notes were indorsed without recourse. In 1923 the Marquette Company assigned to the Lincoln Company these two notes and mortgages, and also the contract of guaranty. In 1927 the Lincoln Company foreclosed the mortgages. At each foreclosure sale there was realized much less than the amount due upon the mortgage security.

The Reynolds Company pleaded by way of estoppel that it at first declined to make the loans in question, because it was not satisfied with the security offered, but that it finally did so upon the request of an inspector of the Marquette Company, who stated that that company would buy the loans and rely upon the security. But this defense was unsupported by the evidence, and besides there can be no question but that the loans were required by the Marquette Company to be covered by the contract of guaranty.

It is apparent that the Reynolds Company indorsed the notes without recourse, and substituted the contract of guaranty for the liability of an unqualified indorser for the purpose of not being required to pay the notes promptly as they fell due and in order to take advantage of the delay that would necessarily occur in the foreclosure of the mortgages. Under article 569 of the Texas Revised Statutes 1925 the contract was assignable, unless there be involved in it the relation of personal trust or confidence.

In Arkansas Valley Smelting Co. v. Belden Mining Co., 127 U. S. 379, 8 S. Ct. 1308,

792

32 L. Ed. 246, it was held that the liability of a third party to pay for ore delivered on credit could not be substituted by assignment for that of the party with whom the contract was made. And it was there said: "But every one has a right to select and determine with whom he will contract, and cannot have another person thrust upon him without his consent. In the familiar phrase of Lord Denman, 'You have the right to the benefit you anticipate from the character, credit, and substance of the party with whom you contract.' * * * The rule upon this subject, as applicable to the case at bar, is well expressed in a recent English treatise. 'Rights arising out of contract cannot be transferred if they are coupled with liabilities, or if they involve a relation of personal confidence such that the party whose agreement conferred those rights must have intended them to be exercised only by him in whom he actually confided.' Pollock on Contracts (4th Ed.) 425."

But in that case the Supreme Court recognized the equally well established rule that an agreement to pay money or deliver goods is assignable, in the absence of any provision manifesting an intention that it should not be assigned. The instrument sued on is divisible into two parts, a guaranty and a so-called option. The guaranty involves no personal trust or confidence; it involves nothing else than an agreement to pay money. It is immaterial that an option was also given to the Marquette Company to extend further the time of payment or to allow the substitution of other security. This was not even an option, on which depended any right granted to the optionee, but related to matters which could as well have been done without any agreement whatever. There was no right which the Reynolds Company could assert under this so-called option. The parts of the instrument sued on are not dependent upon each other, but the guaranty is separate and distinct from any possible option. The Marquette Company, being under no obligation to exercise any option, by making its assignment to the Lincoln Company, elected effectively and finally not to do so. It is suggested by appellee that the contract, even though it be assignable, required payment of the difference only between the actual value of any particular piece of property and the loan upon it; but the language used by the parties to express their meaning clearly bound the guarantor to pay any deficiency in amount arising out of a foreclosure sale. The conclusion is that the Lincoln Company was entitled to recover upon the guaranty.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.