49782. HURST v. STITH EQUIPMENT COMPANY.

MARSHALL, Judge.

Appellants Genora Hurst and her son, Lawrence Hurst, entered into a guaranty agreement in favor of Credit Alliance Corporation and its "parent, subsidiary or assignee," to be liable for the obligations of Gate City Erectors, Inc. The appellants each owned one-third of the stock of Gate City. Credit obtained the guaranty as part of an arrangement wherein Credit furnished financing to

Gate City on a continuous basis to enable Gate City to buy and lease truck cranes.

The "Guaranty" provides, in pertinent part: "To induce you [Credit] to enter into one or more security agreements, including but not limited to conditional sale agreements, leases, chattel . . . mortgages, notes or other deferred or time payment paper . . . with [Gate City], and/or to induce you to . . . accept an assignment of [such papers] from [Gate City] . . . or . . . from any party of . . . [such papers] having [Gate City] as obligor thereon, and/ or in consideration of your having heretofore done any or all of the foregoing, we . . . [Genora and Lawrence Hurst] agree to be . . . jointly, severally, and directly liable to you for the due performance of all such Security obligations both present and future . . . and for the payment of any and all debts of [Gate City] of whatever nature . . . whether now or hereafter existing . . . or acquired by you by assignment . . . The liability hereunder of [Genora and Lawrence Hurst] is direct and unconditional and may be enforced without requiring you first to resort to any other right, remedy or security . . . This instrument . . . shall enure to the benefit of your assigns."

This guaranty was signed by the appellants in 1968 and contemporaneously therewith and subsequently, Credit financed purchases and leases of truck cranes for Gate City. One such lease of a 50-ton crane was entered into in March, 1970, between Gate City, as lessee, and Stith Equipment Co., Credit, or Leasing Service Corporation "(whoever is the then holder of this lease, such holder hereinafter called 'Lessor')." Stith assigned its rights under the lease contract to Credit and Leasing Service. After several defaults in monthly payments by Gate City the payments were accelerated and eventually the crane was repossessed and sold by private sale on November, 1971, resulting in a $22,236.59 deficiency against Gate City. Under a recourse agreement Leasing Service reassigned the lease contract to Stith and also assigned the personal guaranty agreement of appellants Genora and Lawrence Hurst. Stith then brought this action against appellants on the guaranty agreement for the deficiency. The trial court sustained Stith's motion

for summary judgment for the full amount claimed. *Held:*

1. Two of appellants' defenses raised in their fourth enumeration of error that the deficiency was inaccurate, and that Stith did not give them proper notice of sale, are not mentioned in appellant's brief and are thus abandoned. *Mabry v. Henley,* 123 Ga. App. 561, 568 (4b) (181 SE2d 884); *Underwood v. Ranger Mfg. Co.,* 116 Ga. App. 803 (159 SE2d 144). For the same reason, we do not consider appellants' fifth enumeration of error dealing with lack of privity of contract.

2. Also we do not rule on the contention in appellants' brief that their monthly payments were wrongfully applied, since the pleadings do not raise this matter as a defense and same is not enumerated as an error. *Rider v. State,* 226 Ga. 14 (2) (172 SE2d 318); *Alexander v. State,* 223 Ga. 358 (2) (168 SE2d 315); *Marshall v. State,* 129 Ga. App. 733 (4) (200 SE2d 902).

3. Appellants contend that since there is no evidence that Leasing Service was a "parent, subsidiary, or assignee" of Credit, Leasing Services' assignment of the lease and the guaranty to Stith assigned nothing. In effect, appellants contend that Stith's rights are derived from its assignor, Leasing Service, and there is no evidence to show that Leasing Service acquired any rights against appellants from Credit.

As to the lease, the evidence clearly shows that Leasing Service was named as a lessor of the lease contract when it was entered between Gate City and Stith. It is also the unrefuted testimony of the president of Stith that Leasing Service was the assignor of the lease contract when it was reassigned to Stith. Stith therefore is the sole and undisputed successor to the entire principal obligation, the lease contract.

As to the guaranty, however, the record does not show that Credit assigned the guaranty agreement to Leasing Service or that Leasing Service and Credit are so affiliated as to be considered one and the same insofar as being obligees under the guaranty agreement. The guaranty here is special; it runs in favor of Credit and it cannot be enforced by anyone other than the obligee (or his assignees, where the instrument so provides). *Fletcher Guano Co. v. Burnside,* 142 Ga. 803 (83 SE 935); 38 CJS

1186, Guaranty, § 41 b (1) (1943). See also *Johnson v. Brown,* 51 Ga. 498. We do not agree with Stith's contention that the assignment of the principal obligation automatically passes the guaranty. While the transfer of the principal obligation may operate as an assignment of the guaranty (38 AmJur2d 1034, Guaranty, § 36 (1968)) we perceive this rule to apply only where the assignor of the principal obligation is also the obligee of the guaranty. Here, the assignor of the principal obligation, Leasing Service, is not shown to be the obligee of the guaranty. As the record now stands, Leasing Service can claim no benefit from the guaranty agreement and therefore can assign no claim thereunder to Stith. In the absence of such evidence, Stith's motion for summary judgment should not have been granted.

4. Appellants also contend that the pleadings, affidavits and deposition raise a material issue of fact of whether or not Stith breached an implied warranty of fitness for purpose. Whether or not the warranty provisions of the Uniform Commercial Code §§ 2-314—2-316 (Code Ann. §§ 109A-2—314—109A-2—316) apply to a lease of machinery, the defense of breach of warranty can not be raised by a guarantor of the debtor. "The very nature and purpose of a guaranty contract proscribes the allowance of defenses which are personal to the debtor." *Escambia Chemical Corp. v. Rocker,* 124 Ga. App. 434, 440 (184 SE2d 31). "Accordingly, the guarantor may not successfully defend an action brought on the contract of guaranty on the basis that . . . the creditor was guilty of breach of warranty." 38 AmJur2d 1056, Guaranty, § 52 (1968). Furthermore the debtor waived any defense of non-expressed warranties in plain language in the lease. Such waiver is permissible under UCC § 2-316 (Code Ann. § 109A-2—316) and enforceable by Stith, who is a party to the lease. *Short v. General Electric,* 113 Ga. App. 476 (148 SE2d 450); *Young v. John Deere Plow Co.,* 102 Ga. App. 132 (115 SE2d 770). If the debtor waived the defense, the debtor's guarantor can not revive it.

5. The final contention properly raised by the appellant, Genora Hurst, is that she is a married woman and the guaranty agreement is actually a surety a-

greement so that same could not be binding upon her estate. Ga. L. 1969, pp. 72, 73 (Code Ann. § 53-503). We feel this contention is controlled by our decision in *General Finance Corp. v. Welborn,* 98 Ga. App. 280 (105 SE2d 386), cert. denied. On facts that, in all relevant aspects, are the same as those in the present case, the court discussed the tests that have been established by Code § 103-101 and case precedent, and found the agreement one of guaranty and not surety.

We reverse for the reasons stated in Division 3.

*Judgment reversed. Deen and Stolz, JJ., concur.*

ARGUED OCTOBER 1, 1974 — DECIDED NOVEMBER 21, 1974.

*Brackett, Arnall & Stephens, C. F. Brackett, Jr.,* for appellant.

*Webb, Parker, Young & Ferguson, Paul Webb, Jr.,* for appellee.