**AMPEX CREDIT CORPORATION and Ampex Corporation, Plaintiffs-Appellees,**

v.

**Needham BATEMAN and Harold Suit, Defendants-Appellants.**

**No. 76–2767**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

June 24, 1977.

Rehearing Denied Sept. 2, 1977.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Wm. F. Lozier, George W. Willingham, John M. Bovis, John V. Burch, Atlanta, Ga., for defendants-appellants.

Chas. M. Kidd, Atlanta, Ga., Jon E. Jones, Cookeville, Tenn., Foy R. DeVine, Atlanta, Ga., for plaintiffs-appellees.

Before BROWN, Chief Judge, and RONEY and HILL, Circuit Judges.

RONEY, Circuit Judge:

Dr. Needham B. Bateman appeals from a jury verdict finding him liable on a guaranty agreement. Bateman admits he signed the agreement, but denies liability. He asserts that the failure of two co-guarantors to sign violated a condition precedent which his attorney had no authority to waive in his behalf, and that the lack of his consent to assignment of rights under the agreement prevents the assignee from enforcing the guaranty. Rejecting his contentions, we affirm the judgment of the district court entered on the jury verdict.

Certain equipment was transferred to three corporations under a conditional sales contract. In late 1973 suit was brought to foreclose for nonpayment. To prevent repossession, the parties agreed to a revised debt schedule, backed by the guaranty agreement at issue in this case, and set forth in a consent judgment. Subsequently the corporations defaulted. A sale of the equipment on foreclosure left a deficiency, which the plaintiffs now seek to collect from the guarantors.

Bateman, who had invested $200,000 in two of the debtor corporations, asserts he never intended to be bound by the guaranty agreement he signed unless three co-guarantors joined him. Only one did. In support of his contention, Bateman points to the form of the guaranty, which provided spaces for the signatures of four identified guarantors, including Bateman. Bateman says a right of contribution from all three co-guarantors was essential to his assent to the deal.

Nothing in the contract, however, expressly conditions the guarantors' obligations on the signing by all four men. Nor was any such condition verbally communicated to the plaintiffs. While blank spaces in the text of a contract may be read to manifest an intent to require such a precondition, they do not preclude the jury from looking to the circumstances surrounding the execution of the contract to ascertain the mutual intent of the parties. *Peacock v. Horne*, 159 Ga. 707, 126 S.E. 813, 821 (1925). Parol evidence is admissible when the existence of a condition precedent is at issue, because the very existence of the contract is challenged. *Kelley v. Carson*, 120 Ga.App. 450, 171 S.E.2d 150, 152 (1969). The burden of establishing failure of a condition precedent as an affirmative defense rests on the defendant.

The evidence was sufficient to show that no condition precedent was ever created. In the negotiations which prompted the drafting of the agreement, the request that all four men guarantee the agreement had come from the plaintiffs, not from the defendant. At a meeting the night before the signing, one of the men refused to commit himself, and another did not attend. The next morning an attorney representing Bateman asked counsel for the plaintiffs if the signatures of the fourth man and Bateman would suffice. The plaintiffs requested tax returns and finan-

cial statements for the two men. A messenger reached Bateman and retrieved the necessary information. Bateman, who talked with his attorney once, and to the other man who signed the guarantee four to six times during the day, then signed the guaranty. In court on the entry of a consent judgment based on the guaranty, Bateman's attorney stood silent while the plaintiff's attorney explained that the two signatures were effective without preconditions. Bateman's attorney's conduct is important. As an agent without written authority, he might have been barred by the Statute of Frauds from adding a written condition to the contract. *See* Ga.Code Ann. § 4–105 (1975); *Cofer v. Wofford Oil Co.*, 85 Ga. App. 444, 69 S.E.2d 674, 678 (1952). The evidence is sufficient to show, however, that he had "apparent authority" to confirm the absence of a condition precedent. *See Sinclair Refining Co. v. First National Bank of Moultrie*, 45 Ga.App. 769, 165 S.E. 860, 861 (1932). Resolving credibility questions against Bateman, the jury could have reached the conclusion that no precondition was intended, and, even if Bateman subjectively held such an intention, it was not adequately communicated to the plaintiffs by the mere presence of the extra signature spaces on the agreement.

 Bateman argues that when the consent judgment was entered, his attorney did not have any authority to negate the necessity that others join as co-guarantors of the contract. Bateman objects to the trial court's failure to give a requested jury instruction, which read:

The Plaintiffs contend that at the time the Guaranty Agreement was delivered to the Plaintiffs that William F. Lozier was Dr. Needham B. Bateman's attorney at law. I charge you that an attorney at law for a person has no authority, by reason of being an attorney, to make an agreement for his client outside of a case pending in Court, without the knowledge or consent of the client. I further charge you that at the time the Plaintiffs contend William F. Lozier waived for Defendant, Dr. Needham B. Bateman, the

missing two signatures on the Guaranty Agreement, Dr. Needham B. Bateman was not a party to any matter in Court with the Plaintiffs.

The charge was misleading. The Nineteenth Century case on which the charge is based, *Kidd v. Huff*, 105 Ga. 209, 216–217, 31 S.E. 430, 432–433 (1898), must be read in light of the doctrines of agency that have subsequently developed in Georgia. At the very least, a lawyer has the authority of any other agent, and neither *Kidd* nor Ga. Code Ann. § 9–605, relied on by Bateman, imply otherwise. Accordingly, the words "knowledge and consent" of the client in *Kidd*, reiterated in the requested charge, are misleading because they mistakenly imply that actual knowledge and actual consent is necessary. In Georgia a principal may confer authority on an agent merely by a course of conduct holding out that person as an agent which induces others to rely on the statements of that agent. *Sinclair Refining Co., supra*. Rejection of a misleading charge is within the power of a trial judge.

 One of the parties seeking to enforce the guaranty is Ampex Corp., which received an assignment of interest in the conditional sales contract. The assignor, an obligee under the guaranty, did not expressly assign its interest in either the consent judgment or the guaranty. Bateman argues that the assignment of interest in the conditional sales contract alone is insufficient to allow Ampex Corp. to sue to enforce the guaranty. A transfer of the principal obligation, however, is generally held to operate as an assignment of the guaranty. Although in Georgia the assignor of the principal obligation must be the obligee of the guaranty before the rule will apply, *Hurst v. Stith Equipment Co.*, 133 Ga.App. 374, 210 S.E.2d 851, 854 (1974), in this case that requirement is met.

Bateman suggests two reasons why the rule should not apply. First, he argues the consent judgment is the "principal obligation" and the conditional sales contract is not. But the *Hurst* case recognized a similar lease contract as a "principal obliga-

tion," *id.* 210 S.E.2d at 853, and Bateman admitted, in a motion to drop the assignor as not the real party in interest in this lawsuit, that the possessor of the conditional sales contract is the "real party in interest" in a suit to enforce the guaranty agreement.

Second, Bateman contends that the guaranty is "special" and cannot be assigned without his consent. A special guaranty, however, usually contemplates a trust in the person to whom it is addressed. 38 C.J.S. *Guaranty* § 41b (1943). *See Fletcher Guano Co. v. Burnside,* 142 Ga. 803, 83 S.E. 935 (1914). The position of trust, which justifies the rule against assignment, is not present in this case. Bateman's promise was nothing more than a promise to pay money to satisfy the judgment arising from default on the conditional sales contract. *See Abraham Lincoln Life Ins. Co. v. Reynold Mortgage Co.,* 30 F.2d 790 (5th Cir.), *cert. denied,* 280 U.S. 570, 50 S.Ct. 28, 74 L.Ed. 623 (1929); Ga. Code Ann. § 85–1803 (1970). As noted by the district court, there is no evidence the guarantors intended their obligations to run to the named obligees personally rather than to them as creditors under the conditional sales contracts. The guaranty does not prohibit assignment. In fact, the conditional sales contracts were expressly assignable, so that guarantors had ample notice that a third party might sue to collect. *See Merrimac Chemical Co. v. Moore,* 279 Mass. 147, 181 N.E. 219 (1932).

AFFIRMED.