**REPUBLIC NATIONAL BANK OF DALLAS, Plaintiff,**

v.

**MERIDIAN PROPERTIES, INC., Park Development Co., Dennis B. Stimson, James H. Petersen, Jerry R. Dunn, and W. H. Heidtbrink, Defendants.**

Civ. A. No. 81–K–617.

United States District Court, D. Colorado.

Jan. 18, 1982.

---

Gordon W. Netzorg, J. Nicholas McKeever, Jr., Krendl & Netzorg, Denver, Colo., for plaintiff.

David C. Aspinwall, Englewood, Colo., for defendant Dunn.

Roger L. Simon, Vicki S. Porter, Sterling & Simon, Denver, Colo., for defendant Heidtbrink.

Jack Silver, Roger W. Smith, Silver, Silver, Sutton & Kelley, Denver, Colo., for Meridian, Park and Petersen.

Ellen R. Welner, Pepper & Rubin, Denver, Colo., for Stimson.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

In this diversity action plaintiff seeks damages from the defendants, alleging that they are all liable on a note that is now payable to the plaintiff. On August 19, 1981 defendant Dunn moved for summary judgment, arguing that the statute of limitations, C.R.S. § 13–80–110(1)(a), barred the claim against him. On September 21, 1981 I granted plaintiff's motion to file an amended complaint. I therefore will consider the earlier motion for summary judgment in light of the amended complaint. On December 9, 1981 Dunn moved to dismiss,[1] arguing that any obligations that he might have incurred on the note have never been assigned to the plaintiff. Briefs and other materials have been filed and both motions are now ripe for determination. I now deny both motions.

The present action is based on two promissory notes. Plaintiff alleges that, on June 26, 1975, one Davidson, not a party to this action, executed a promissory note, payable to the plaintiff, and then defaulted. Plaintiff further alleges that Davidson had as-

---

1. Defendant Dunn's motion to dismiss relies on several exhibits that are not part of the pleadings. I therefore must treat this motion as one for summary judgment. Because of my disposition of this motion, I do not need to give the plaintiff an opportunity to file additional materials.

signed as collateral a note payable to him that had been executed by defendant Meridian, a general partner of defendant Park, on December 24, 1972. Plaintiff also alleges that the four individual defendants had previously executed, on October 20, 1972, a guaranty of all future obligations that Meridian might incur to Davidson. Plaintiff now proceeds against all defendants because Meridian and Park have allegedly failed to make payments to Republic on the 1972 note that it received as collateral from Davidson.

## I. STATUTE OF LIMITATIONS

In his motion for summary judgment, filed on August 19, 1981, defendant Dunn argues that Davidson exercised his option to enforce the acceleration clause of the 1972 note by filing a complaint in the action *Davidson v. Park Development Co.*, Civil Action No. C–51373 (Denver, Colo. Dist. Ct.), on January 6, 1975. Dunn argues that this action by Davidson made the entire 1972 note due and payable as of that date and that the present action, which was filed on April 24, 1981, is therefore barred by the six-year statute of limitations, C.R.S. § 13–80–110(1)(a). In support of this argument Dunn cites *First National Bank of Greeley, Colorado v. Park*, 37 Colo. 303, 307, 86 P. 106, 107 (1906), and *In re Estate of Light*, 41 Colo.App. 332, 585 P.2d 311, 312 (1978). Both of these cases held that that statute of limitations would not begin to run when the debtor defaulted, even if there was an acceleration clause, unless the creditor declared that the principal was due. By inference, the statute of limitations would thus begin to run if the creditor did declare that the principal was due under an acceleration clause.

■ Plaintiff responds by arguing that the guaranty that Dunn executed was a continuing obligation that transcends the 1972 note. It cites the following language of the guaranty:

each of us as a primary obligor jointly and severally and unconditionally guarantees to you that Meridian will fully and promptly and faithfully perform, pay and

discharge all its present and future obligations to you, irrespective of any invalidity therein, the unenforceability thereof or the insufficiency, invalidity or unenforceability of any security therefore; and agrees, without your first having to proceed against Meridian, to pay on demand all sums due and to become due to you from Meridian . . .

No termination shall be effective except by notice sent to [Davidson] by registered mail naming a termination date effective not less than 90 days after the receipt of such notice by [Davidson]; or effective as to any of us who has not given such notice; or affect any transaction effected prior to the effective date of termination. Each of us waives notice of acceptance hereof and of presentment, demand, protest and notice of non-payment or protest as to any note or obligation signed, accepted, endorsed or assigned to you by Meridian, . . . . You may, without notice to us, renew or extend any obligations of Meridian and/or of co-guarantors, may accept partial payments thereon, or settle, release on terms satisfactory to you or by operation of law or otherwise, compound, compromise, collect or otherwise liquidate any thereof in any manner, without affecting or impairing the obligation of any of us hereunder.

Plaintiff cites *Valley National Bank of Arizona v. Foreign Car Rental, Inc.*, 157 Colo. 545, 549, 404 P.2d 272, 274–75 (1965) ("The all-inclusive language covering loans then existing or thereafter to be made, or any renewals thereof, required no further communication from the guarantors."), and *First Commercial Corp. v. Geter*, 37 Colo. App. 391, 547 P.2d 1291, 1294 (1976) (guarantor's liability remains unchanged by modifications of loan agreement where guarantor had specifically stated that he would continue to guarantee), in support of its argument that Dunn's guarantee was a continuing one, unaffected by the statute of limitations. While I do not find either party's argument to be totally persuasive, I conclude that the statute of limitations was tolled here. On February 20, 1975 David-

son, Park, and Meridian executed an agreement settling the 1975 lawsuit. One section of that agreement provided:

All payments due and owing subsequent to April 25, 1975 shall be due and payable in accordance with said Note, and shall be made on the proper due dates.

Although this agreement allowed the creditors to re-accelerate the due date for payment of the principal if the debtors again defaulted, there is no indication that they ever exercised this option. Therefore, even if the January 6, 1975 lawsuit was a demand under the acceleration clause that began the time period for the statute of limitations, the subsequent settlement agreement re-instituted the original payment schedule and re-set the statute of limitations. Because defendant Dunn was a continuing guarantor for Meridian, for its new obligations and for its renewals and extensions, he was bound by the subsequent settlement agreement, even though he did not personally sign it. He therefore cannot assert a statute of limitations defense that totally ignores the settlement agreement.[2]

Although not necessary for disposition of this motion, I note that defendant Dunn cannot assert a statute of limitations defense regarding the principal and some of the interest due for another reason. On April 1, 1974 Dunn, Davidson and several other parties executed another agreement regarding the 1972 note. That agreement provided that Dunn and the other guarantors would

guarantee future interest payments on [the] note but not the principal until the date of maturity, to wit, July 20, 1976.

Apparently because of this provision, Davidson's 1975 complaint sought acceleration of the principal due on the note only against Park and Meridian; from Dunn and the other guarantors he sought only the past interest that was due and unpaid. Dunn therefore cannot argue that Davidson exercised the acceleration clause against him regarding the principal and subsequent interest payments. He consequently cannot argue that the statute of limitations began to run for him on these claims when Davidson filed the 1975 complaint.

## II. ASSIGNMENT OF GUARANTEE

In his motion to dismiss, filed on December 9, 1981, defendant Dunn argues that he should be dismissed from this case because Davidson never assigned the guaranty to the plaintiff. The accompanying brief relies on several matters that are not included in the amended complaint. F.R.Civ.P. 12(b) therefore requires me to convert the motion into one for summary judgment. Because of my disposition of this motion, however, it is unnecessary for me to give the plaintiff an opportunity to file additional materials.

 In his five-page brief in support of his motion to dismiss, defendant Dunn cites no legal authority whatsoever. Relying on the legal authority cited in plaintiff's answer brief, plus my independent research, I conclude that Dunn's motion to dismiss should be denied. C.R.S. § 4–3–201(1) provides, in relevant part:

Transfer of an instrument vests in the transferee such rights as the transferor has therein, . . .

The Colorado statutes do not explicitly specify whether possession of collateral upon default is a "transfer" for the purposes of C.R.S. § 4–3–201(1). However, Official Comment 1 states:

The section applies to any transfer, whether by a holder or not. Any person who transfers an instrument transfers whatever rights he has in it. The transferee acquires those rights even though they do not amount to "title."

I conclude that a guaranty that does not expressly forbid assignment should be assignable without the guarantor's express consent. I therefore conclude that Dunn's guaranty was assigned by implication when Davidson forfeited the note to the plaintiff. See, e.g., *Ampex Credit Corp. v. Bateman*, 554 F.2d 750, 753 (5th Cir. 1977) ("A trans-

---

**2.** The statute of limitations in the present action began to run when the principal became due.

 

fer of the principal obligation, however, is generally held to operate as an assignment of the guaranty.").[3]

IT IS ORDERED that defendant Dunn's motion for summary judgment, filed on August 19, 1981, is denied. It is further

ORDERED that defendant Dunn's motion to dismiss, filed on December 9, 1981, treated as a motion for summary judgment, is denied.

---

**3.** Two additional cases cited by the plaintiff in opposition to the motion to dismiss are inapposite. *Thorpe v. Story*, 10 Cal.2d 104, 73 P.2d 1194 (1937), and *Hurst v. Stith Equipment Co.*, 133 Ga.App. 374, 210 S.E.2d 851, 854 (1974), each involved guarantees that specifically authorized assignments of the guaranteed interests. In contrast, the guaranty in the present case is silent on assignability.