**WARREN AVENUE ASSOCIATES, LTD., a Limited Partnership**

v.

**UNITED RENT–ALL, INC., and International Industries, Inc.**

No. C81–2282A.

United States District Court, N.D. Georgia, Atlanta Division.

Jan. 31, 1984.

James A. McKenzie, Atlanta, Ga., for Warren Avenue Associates.

Jackson Bedford, Turem, Bedford & Kirschner, Atlanta, Ga., for United Rent-All.

Robin L. Riblet, Los Angeles, Cal., for International Industries.

### ORDER OF COURT

MOYE, Chief Judge.

The above-styled action is before this Court on the plaintiff's Warren Avenue Associates, Ltd. (plaintiff), motion for summary judgment.

### Facts

The plaintiff is the assignee of a lease that was entered into between Banker's United Life Assurance Company (Banker's Life) and United Rent-All, Inc. The defendant International Industries, Inc. (defendant), executed a guaranty agreement in favor of Banker's Life guaranteeing the lessee's performance of all covenants, conditions, and agreements set forth in the lease agreement. The lessee has defaulted under the terms of the lease and the plaintiff has filed a motion for summary judgment to recover $12,871.56 in past due rent, taxes, and insurance premiums. The plaintiff also claims that it is entitled to $2,250.00 in attorney's fees and an amount uncertain for lost profits and other damages related to defendant's breach of the lease provisions.

### Discussion

The plaintiff has made out a prima facie case for recovery against the defendant. The defendant sets forth three rea-

sons why the plaintiff's motion for summary judgment should be denied. First, the defendant argues that this Court lacks subject matter jurisdiction over this action because this is a diversity action and at the time this lawsuit was filed the plaintiff only claimed $6,685.08 in damages. This contention is meritless in light of paragraphs 15–17 of the plaintiff's complaint and the plaintiff's answers to the defendant's interrogatories. At the time of the complaint the plaintiff alleged that he had been damaged by the failure to pay rent, taxes, and insurance premiums in the sum of approximately $6,000 and that he had lost profits and incurred other damages in the sum of $9,000. Although the plaintiff's motion for summary judgment only covers the damages due to lost rent, taxes, and premiums, the plaintiff's complaint clearly alleges damages in excess of $10,000. Accordingly, the defendant's argument that this Court lacks jurisdiction over the parties must fail.

The defendant's second argument is that the plaintiff has no claim under the guaranty because he is a subsequent assignee of the lease and the guaranty was never explicitly assigned to it. Paragraph 10 of the guaranty states in pertinent part:

> The LESSORS shall have the right to assign and transfer this guaranty, and any security deposited hereunder, in whole or part, to any assignee of the lease or any portion thereof. The LESSOR's successors and assigns shall have all of the rights, privileges and powers granted hereunder to the LESSOR, *and* shall have *the right to rely upon this Guaranty*....

(emphasis added). The defendant argues that this paragraph merely gives the lessor the right to assign the guaranty, and absent the exercise of this right, the guaranty does not follow the lease. This argument fails, however, for several reasons. First, Paragraph 1 of the guaranty states that the guarantor "does hereby unconditionally guarantee to the lessor, *its successors and assigns*, the full performance and observance of all covenants, conditions and agreements on the part of the lessee...." This language indicates that subsequent transfers of the guaranty to subsequent lessors are unnecessary. In addition, Georgia law clearly states that an assignment of the principal obligation is held to be an assignment of the guaranty as long as the assignor of the obligation is the obligee of the guaranty. *Ampex Credit Corporation v. Bateman,* 554 F.2d 750 (5th Cir.1977). In this case, the original obligee assigned the lease to a party who assigned it to the plaintiff. This Court finds that the original obligee validly assigned the lease and thus the guaranty to an assignee who then validly assigned it to the plaintiff. Thus, a careful reading of the guaranty and the relevant case law shows that the plaintiff is entitled to enforce the guaranty despite the absence of a specific assignment of the guaranty.

The defendant's third argument is that the parties reached a settlement in this case and thus summary judgment would be inappropriate. The Court holds that the defendant has not met its burden of proof as to this issue and that the parties never entered into a binding settlement agreement.

The plaintiff seeks attorney's fees in this action but has not shown this Court why any fees should be awarded. In addition, paragraph 12 of the lease specifically disallows attorney's fees. Accordingly, plaintiff's motion for attorney's fees is DENIED.

In sum, the plaintiff's motion for summary judgment as to its claims for rent, damages, and insurance premiums is GRANTED.