No. 20708.

THE VALLEY NATIONAL BANK OF ARIZONA *v.*
FOREIGN CAR RENTAL, INC., ET AL.
(404 P.2d 272)

Decided July 19, 1965.

JACK D. HENDERSON, for plaintiff in error.

W. H. ERICKSON, CHARLES F. BREGA, for defendant in error John H. Lowell.

JAMES W. HEYER, for defendant in error Thomas H. Murphy.

*In Department.*

Opinion by MR. JUSTICE DAY.

WE will refer to the plaintiff in error as the Bank; to the defendant in error corporation as Car Rental, and to the individual defendants in error as Murphy and Lowell.

The Bank instituted action against Car Rental for $40,000.00 plus interest because of default in the payment of a promissory note in that amount. Murphy and Lowell were made defendants, and judgment was sought against each of them in the amount of $10,000.00 on asserted liability on a "continuing Guaranty" each had executed to enable Car Rental to obtain a line of credit at the Bank.

A trial was had to a jury. After the Bank had introduced undisputed evidence as to the loan, the continuing guaranty, the default by Car Rental on its obligation, and the failure of Murphy and Lowell to honor the guaranty, the Bank rested its case. Murphy and Lowell thereupon moved for a directed verdict in their favor, stating to the court that all of the evidence was before the court and that they would rest after ruling on the motion. A judgment was then entered against Car Rental for the full amount of its obligation together with interest and attorney fees. That judgment and the amount thereof are not challenged here. This writ of error is directed only to the judgment entered by the trial court in favor of Murphy and Lowell and against

the Bank. The holding of the trial court challenged here was as follows:

"As to Lowell, the testimony is very lacking as far as implicating him in this transaction is concerned. This continuing Guaranty is another thing that has to be strictly construed. If you read it in its entirety, it may have several implications. Taking the first paragraph of the continuing guaranty, it says that at his request and so forth. The Court finds that the motion pertaining to Mr. Lowell is good and is granted."

We assume that the court intended to include Murphy in the above "findings" because after considerable colloquy between counsel for both sides and the court, the judge was asked "Was the motion granted to Mr. Murphy on the second claim also?" The court thereupon responded: "Yes, on all claims." No verdicts were given to the jury, directed or otherwise, and none was returned. Judgments, however, were entered by the clerk in favor of Murphy and Lowell and against the Bank "for dismissal." A motion for a new trial was dispensed with, which was permissible under the Rules of Civil Procedure at the time this case was tried.

The guaranty upon which suit was brought against Murphy and Lowell reads as follows:

## "CONTINUING GUARANTY

"In consideration of The Valley National Bank at my request giving or extending terms of credit to Foreign Car Rental, Inc. 711 N. Central, Phoenix, 2029 Broadway, Denver 5, Colorado, hereinafter called debtor, I hereby give this continuing guaranty to THE VALLEY NATIONAL BANK, its transferees or assigns, for the payment in full of any indebtedness, direct or contingent, of said debtor to said THE VALLEY NATIONAL BANK up to the amount of Ten Thousand dollars, each, plus all interest, attorneys' fees, costs, costs of court and charges of whatsoever nature and kind, whether due or to become due and whether now existing or hereafter arising. It is expressly understood that this

guaranty covers any loans that may now be existing, or any renewals thereon, as well as any other or further loans that may be made, including renewals thereon, during the life of this guaranty; and I hereby bind and obligate myself, heirs and assigns, with said debtor, jointly and severally, for the payment of said indebtedness precisely as if the same had been contracted and was due or owing by me in person, hereby agreeing to, and binding myself, my heirs and assigns, by all the terms and conditions contained in any note or notes signed or to be signed by said debtor, making myself a party thereto; and I waive all notice of any kind whatsoever in connection with any obligations of the debtor. I agree to pay upon demand at any time to said Bank, its transferees or assigns, the full amount of said indebtedness up to the amount of this guaranty, plus interest, attorneys' fees, costs of court and charges, as above set forth, becoming subrogated in the event of payment in full by me to the claim of said Bank, its transferees or assigns, together with whatever security it or they may hold against said indebtedness. The Bank may extend any obligation of the debtor one or more times and may surrender any securities held by it without notice or consent from me, and I shall remain at all times bound hereby, notwithstanding such extensions and/or surrender.

"It is expressly agreed that the continuing guaranty is absolute and complete, and that acceptance and notice of acceptance thereof by the Bank are therefore unnecessary and they are hereby expressly waived.

"This continuing guaranty shall continue in full force and effect until surrendered and delivered to the undersigned or until a revocation of said continuing guaranty, signed by the undersigned, and accepted in writing by said The Valley National Bank is recorded in the office of the County Recorder of _____ County, Arizona. Said Bank agrees to surrender said continuing guaranty or accept a revocation thereof upon demand

by the undersigned. Surrender or revocation thereof shall not affect the obligation of the undersigned as to any indebtedness existing at the time of such surrender or revocation.

"In testimony whereof, I have hereunto signed my name on this 18th day of September, 1959.

John H. Lowell

Mrs. Richard K. Smith

Witness                     Thomas H. Murphy"

▆▆▆ The guaranty given the Bank by Murphy and Lowell is plain and unambiguous; it establishes the liability of both guarantors. It was, therefore, contrary to the evidence for the court to hold "The testimony is very lacking as far as implicating him [Lowell] [and Murphy] in this transaction is concerned." We assume that the court was persuaded by the same argument as advanced here, namely that the evidence failed to establish a "request" by Lowell and Murphy that the Bank make the particular loan in question. The words "at my request" in the continuing guaranty constitute terms of *present consideration,* and when the guarantors signed it and presented it to the Bank the guaranty itself constituted a request for credit to Car Rental. The all-inclusive language covering loans then existing or thereafter to be made, or any renewals thereof, required no further communication from the guarantors. The instrument dispenses with any notice of any kind from the Bank or to the guarantors. A continuing guaranty is one not limited to a particular transaction or specific transactions, but is intended to cover all future transactions. *Fidelity Union Trust Co. v. Galm,* 109 N.J. Law 111, 160 A. 645; *Hazzard v. General Tire and Rubber Co.,* 181 Okla. 484, 76 P.2d 257.

"* * * The contract is said to be continuing if it contemplates a future course of dealing during an indefinite period, or if it is intended to cover a series of transactions or a succession of credits, or if its purpose is to give to the principal debtor a standing credit to be used

by him from time to time." 24 Am. Jur., Guaranty, section 18, p. 886.

■ The trial court apparently — and erroneously — considered the guaranty not as a continuing one but as a conditional guaranty. Such an interpretation, if permitted, would contradict the plain language in the instrument and give it a meaning which, in effect, would nullify it as a "continuing guaranty."

The case which Murphy and Lowell urged upon the trial court as authority for their position and which they cite in their brief in this court is *Yama v. Sigman,* 114 Colo. 323, 165 P.2d 191. That case is clearly not in point.

Therein the court quoted from 24 Am. Jur., Guaranty, sec. 16, p. 885, and also from 38 C.J.S., Guaranty, sec. 7, p. 1139. The particular language from those two general sources, quoted by the court in the Yama case, is as follows:

"* * * The conditional guaranty contemplates, as a condition to liability on the part of the guarantor, the happening of some contingent event other than the default of the principal debtor or the performance of some act *on the part of the obligee.* Where the guaranty is conditional, the obligation of the guarantor may not be enforced unless the event has occurred or the act has been performed. * * *" 24 Am. Jur., Guaranty, section 16, page 885. (Emphasis supplied.)

"An absolute guaranty is one by which the guarantor unconditionally promises payment or performance of the principal contract on default of the principal debtor or obligor. * * *."

"On the other hand, a conditional guaranty is one which is not enforceable immediately on the default of the principal debtor, but some contingency other than such default must happen, or *the guarantee must take some steps,* to fix the liability under guaranty." 38 C.J.S. Guaranty, section 7, page 1139. (Emphasis supplied.)

It is to be noted that the condition precedent referred to in these authorities is one to be performed by the *obligee* or the *guarantee* before it can look to the guarantor for payment. In the Sigman case the *obligee* was required to give notice to the guarantor if the principal debtor was unable to pay his account every two weeks. In the case at bar, the continuing guaranty signed by the defendants Murphy and Lowell required no act upon the part of the obligee Bank. Murphy and Lowell attempt to argue from the Sigman case that the *guarantor* was duty bound to perform a condition precedent. The fallacy of this argument is apparent. If the guarantor was bound to perform some condition precedent the guaranty would be ineffectual and the giving of it would be meaningless.

The language employed in a guaranty should have a reasonable interpretation according to the intent of the parties as disclosed in the instrument read in the light of surrounding circumstances and the purpose thereof. *McGee v. F. W. Poe Mfg. Co.,* 176 S.C. 288, 180 S.E. 48. Immediately after the giving of the continuing guaranty by Murphy and Lowell the Bank made the first of a series of loans to Car Rental. Other loans were subsequently given, and the $40,000.00 note sued upon was a renewal of previous loans. Accordingly, we hold that the original loans and all renewals were covered by the continuing guaranty.

The judgments in favor of Murphy and Lowell are reversed and the cause remanded to the trial court with directions to enter judgment in favor of the Bank and against Murphy and Lowell in the sum of $10,000.00 each together with interest and attorney fees as provided in the guaranty. The amount is to be determined by the court as of the date of the entry of the judgment directed herein.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE MOORE concur.