No. 22905.

EDWARD PRATHER, M.V. LINGENFELTER, AND THOMAS K. HUDSON *v.* ROTO IGNITION SALES, INC., A COLORADO CORPORATION.
(468 P.2d 29)

Decided April 20, 1970.

ALICE LOVELAND, for plaintiffs in error.

MATTSON & MATTSON, FRED W. MATTSON, JR., for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

THIS writ of error arises out of an action based on an exclusive sales agreement. M. V. Lingenfelter, a defendant in the trial court and hereinafter referred to as such or by name, invented a certain kind of automobile engine timer and distributor. He entered into an agreement with Edward Prather, another defendant, concerning the exclusive right to manufacture and sell this timer. Prather then entered into an exclusive sales agreement with Roto Ignition Sales, Inc., the plaintiff in the court below and hereinafter referred to as the plaintiff. Under the terms of the latter agreement, plaintiff loaned $15,000 to the defendant Prather in return for the exclusive right to sell Lingenfelter's timer in the United States. Prather agreed that in the event he was unable to furnish the timers he would forthwith refund the $15,000 loan. In a separate instrument entitled "Guarantee," Lingenfelter and Thomas K. Hudson, the third defendant, each agreed to pay the plaintiff $5,000, for a total of $10,000, if Prather should be unable to fully comply with his agreement.

In the complaint, the plaintiff alleged that Prather had failed to produce timers as promised in the exclusive sales agreement and that the plaintiff had not received repayment of the $15,000. The plaintiff sought judgment against Prather for $15,000 and against Lingenfelter and Hudson for $5,000 each. At trial, the defendants moved to dismiss at the close of the case for the plaintiff and elected to stand on that motion rather than to present their own evidence. The trial judge denied the motion and awarded judgment to the plaintiff.

The defendants make four contentions of error. (1) The plaintiff failed to prove a prima facie case against any of the defendants. (2) The plaintiff failed to allege and prove performance by it of certain conditions in the exclusive sales agreement. (3) Liability of Lingenfelter and Hudson was a secondary liability, and it was there-

fore error to enter judgment against them in this action. (4) The judgment awards the plaintiff multiple recovery. We do not agree with the contentions of error, and we affirm the judgment.

I.

Under the terms of the exclusive sales agreement, Prather was called upon to deliver timers which were in operating condition and would function as well as any timer or distributor in existence. The defendants argue that there is no evidence to prove that Prather was unable to produce working timers as called for in the agreement. However, the plaintiff produced testimony from two of its officers to the effect that Prather delivered only one timer for their inspection, and that when this timer was installed on an automobile by Lingenfelter, the inventor of the timer, it failed to work.

Moreover, the record shows that in response to a letter written by the attorney for the plaintiff setting forth the defect in the timer, Hudson, the attorney for Lingenfelter, wrote that the timer could not be made to operate as specified in the agreement and the only thing remaining was to arrange for repayment of the $15,000. In addition to Hudson's letter, the plaintiff produced evidence that demand for repayment of the $15,000 had been made on Prather, and that the $15,000 had not been repaid.

 This evidence is sufficient to establish a breach of the contract on the part of Prather. However, the defendants argue that any liability of Lingenfelter and Hudson under the guarantee agreement was conditioned on Prather's inability to repay the loan and that there is no evidence in the record on that question. In our view, Lingenfelter and Hudson, by their agreement, promised to pay $5,000 each in the event Prather did not carry out the terms of paragraph number one of the exclusive sales agreement. The plaintiff made a prima facie case that Prather did not so do, and therefore made a prima facie case against Lingenfelter and Hudson.

## II.

Paragraph thirteen of the exclusive sales agreement provides that the plaintiff "will give a purchase order for twenty-five thousand timers or distributors simultaneously with the execution of this agreement." The defendants contend that the purchase order was a condition precedent to any performance by the defendants, and that the plaintiff failed to allege or prove performance of the condition. Assuming that the agreement to give a purchase order was a condition precedent to the furnishing of timers by Prather, the allegation that Prather could not furnish the timers made irrelevant an allegation in the complaint that the order was actually given.

Furthermore, the evidence presented by the plaintiff at trial indicates that the parties to the sales agreement contemplated that the exclusive sales agreement would act as the purchase order for twenty-five thousand timers. Prather was proceeding in a manner consistent with the existence of a purchase order when he delivered a timer for inspection by the plaintiff. When the plaintiff returned the timer as defective, Hudson replied that there was no way the timer could be made to function as desired and pointed out that the only question to resolve was the matter of the return of the $15,000. We conclude that this assignment of error relative to the failure to plead and prove a condition precedent has no merit.

## III.

The defendants further argue that judgment against Lingenfelter and Hudson should have been secondary to the liability of Prather for repayment of the $15,000, and that the judgment affords the plaintiff multiple recovery. We do not agree.

██ Where, as here, performance under the guarantee is conditioned only on default by the debtor, the creditor may proceed directly against the guarantor without first proceeding against his debtor. *Jain v. Giffin,* 3 Colo. App. 90, 32 P. 80. In this case there was no con-

dition in the guarantee agreement which imposed a duty on the plaintiff to proceed first against Prather. The plaintiff has proven default by Prather, and the guarantors are unconditionally bound to satisfy the obligation to the extent of their guarantee. See 4 *A. Corbin, Contracts* § 926 (1951).

▉ Of course, while the plaintiff received judgment against all of the defendants, it is limited to only one satisfaction. *Gholson v. Savin,* 137 Ohio St. 551, 31 N.E.2d 858; 4 *A. Corbin, Contracts* §§ 928, 936 (1951).

The judgment is affirmed.

MR. JUSTICE GROVES specially concurring.

MR. CHIEF JUSTICE MCWILLIAMS not participating.

MR. JUSTICE GROVES specially concurring:

Instead of protecting the defendants by means of the statement that the judgment is limited to only one satisfaction, I would direct the trial court to enter three judgments in favor of the plaintiff: One against the defendant Prather for $5,000; another against the defendants Prather and Lingenfelter for $5,000; and the third against the defendants Prather and Hudson for $5,000. Otherwise, I am in complete agreement with the opinion of Mr. Justice Pringle.