474 P.2d 640 (1970)
Thelma J. JACKSON, Plaintiff in Error,
v.
The FIRST NATIONAL BANK OF GREELEY, Colorado, a National Banking Association, Defendant in Error.
No. 70-264. (Supreme Court No. 23662.)
Colorado Court of Appeals, Div. II.
August 5, 1970.
Rehearing Denied August 25, 1970.
*641 Herbert W. DeLaney, Jr., Denver, for plaintiff in error.
Southard & Southard, Greeley, for defendant in error.
Selected for Official Publication.
COYTE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The issue on appeal concerns liability of a guarantor. The parties shall be referred to as they appeared at the trial, wherein plaintiff in error, Thelma J. Jackson, was defendant, and defendant in error, The First National Bank of Greeley, Colorado, was plaintiff.
In 1964, defendant agreed to guarantee payment of notes to be executed by her husband in favor of plaintiff bank. Thereafter, defendants' husband borrowed a total of $39,000 from plaintiff, evidenced by five notes for varying amounts. By June 1965, there was a total of $21,075.15 still due and owing on the notes. Between June 14, 1965, and June 23, 1965, the notes were paid in full by defendant's husband. Plaintiff thereupon marked the notes "PAID" and returned them to the defendant's husband. On August 2, 1965, defendant's husband filed a voluntary petition in bankruptcy and was duly discharged.
Subsequent to this discharge, the Trustee in Bankruptcy demanded return of the $21,075.15 from the plaintiff bank, paid to it by defendant's husband, on the grounds that it was a voidable preference. Plaintiff bank asserted that it had a bank's lien and that valuable securities had been released in consideration of the payment and that therefore there was not a voidable preference within the meaning of the Bankruptcy Act.
Thereafter, without notifying defendant, plaintiff entered into negotiations with the Trustee in Bankruptcy, which resulted in a compromise settlement. By the terms of the settlement, plaintiff bank agreed to pay $8,000 to the Trustee in Bankruptcy instead of the $21,075.15 originally demanded. This settlement was approved and entered as a part of its order by the bankruptcy court. Thereafter, plaintiff initiated this suit against the defendant as guarantor for the sums paid to the Trustee in Bankruptcy. From a verdict favorable to plaintiff, defendant now brings appeal.
Defendant argues the existence of several grounds of error, but we find one issue to be controlling.
Defendant asserts that plaintiff's failure to give notice of the negotiations and ultimate compromise between the plaintiff and the trustee acted as a discharge of her obligations as guarantor. We agree with this contention. Our decision is grounded upon the well-recognized principle that where the creditor has chosen to materially *642 alter the principal obligation to the detriment of the guarantor, without the guarantor's consent, then the alteration acts as a discharge of the guarantor's liability. 38 Am.Jur.2d Guaranty, § 81.
A similar question was presented in the case of Lutz v. Frick Co., 242 Ind. 599, 181 N.E.2d 14, wherein the plaintiff had guaranteed three notes, in the amount of $3,360 each, made out by a corporation which subsequently took bankruptcy. The creditor entered into a compromise settlement with the Trustee in Bankruptcy, and then sued the plaintiff as guarantor for the difference. Plaintiff maintained that he had never consented to this compromise settlement and that it acted as a discharge of his obligation. Relying on the principle that a material change in the guarantor's obligation acts as a discharge of his liability, the court agreed with his contention that he was discharged.
The creditor in the instant case voluntarily entered into an agreement with the Trustee in Bankruptcy to compromise this claim. Since the compromise substantially affected the guarantor's liability and was made without her consent, it discharges her from liability.
Judgment reversed with directions that the judgment be vacated and that plaintiff's complaint be dismissed.
DUFFORD and PIERCE, JJ., concur.