535 P.2d 1132 (1975)
PEOPLES BANK & TRUST COMPANY, Plaintiff-Appellee,
v.
Virginia Lee WARNER, Defendant-Appellant.
Gene P. WARNER et al., Defendants,
v.
Cyrus L. COLBURN, Jr., Defendant and Third-Party Plaintiff,
v.
Miles LANTZ, Third-Party Defendant.
No. 74-293.
Colorado Court of Appeals, Div. I.
March 25, 1975.
Rehearing Denied April 15, 1975.
*1133 Leslie A. Gifford, Denver, for plaintiff-appellee.
Gorsuch, Kirgis, Campbell, Walker & Grover, Robert J. Kapelke, James H. Turner, Denver, for defendant-appellant.
Selected for Official Publication.
Van CISE, Judge.
Defendant Virginia Lee Warner (Mrs. Warner) appeals from a judgment on three notes payable to plaintiff Peoples Bank & Trust Company (the Bank) based upon her guaranty of the indebtedness of her husband Gene P. Warner (Mr. Warner). We affirm in part and reverse in part.
On May 8, 1967, Mr. and Mrs. Warner signed the following document (the guaranty) prepared by the Bank:
"For and in consideration of the sum of one dollar ($1.00), the receipt whereof is hereby acknowledged, the advancement of moneys, the giving and extending of credit by The Peoples Bank, Aurora, Colorado, hereinafter called the "Bank" to Gene P. Warner (hereinafter called the Borrower) and of other valuable considerations, I (we) hereby promise to pay to the Bank any and all sums of money which the said Bank may at any time advance or loan to the Borrower. This agreement applies to the payment of all notes and obligations made by the Borrower to the Bank, and any renewals thereof or continuances of same, whether in whole or in part. This is a continuing guaranty.
"WITNESS my (our) name(s) at Aurora, Colorado, this 8th day of May 1967.
 /s/ Gene P. Warner
 /s/ Virginia Lee Warner"
*1134 Mrs. Warner signed the guaranty at her home at the request of Mr. Warner and without discussing it with any Bank official. Mr. Warner told her it was needed for a $25,000 loan he was making that day. Nothing was said to her about the guaranty being applicable to other loans, and she had no interest in Wray Farm referred to below. The $25,000 loan was later paid and is not a subject of this action.
At the time of the delivery of the guaranty to the Bank, Mr. Warner was a signer on three notes, none of which was then due or delinquent or was known to Mrs. Warner. Two of those notes eventually became delinquent and are involved in this lawsuit. These are: (1) a $37,500 note of Wray Farm Equipment, Inc. signed also by Mr. Warner and others, dated December 21, 1966, extended on April 20 to July 19, 1967, and eventually paid on that date by a renewal note, which note in turn was extended from time to time to June 1, 1970; and (2) a $27,000 note of Cyrus L. Colburn and Mr. Warner, dated April 17 and due August 15, 1967, which note was thereafter extended several times to June 1, 1970. The third note at issue here evidences advances to Mr. Warner commencing in September of 1967 and totaling $68,000 at the time of suit.
The Bank contended, and the trial court held, that Mrs. Warner was liable on all three notes based on her guaranty. Mrs. Warner asserts (1) that the guaranty does not encompass preexisting loans or extensions or renewals thereof where the original loans were made without the existence of or reliance on the guaranty, and (2) that there was insufficient evidence as to the $68,000 obligation to support the judgment.

$37,500 AND $27,000 NOTES
The guaranty was not in effect when either of these loans was first made, and it applies only to "sums of money which the Bank may at any time advance or loan to the Borrower." Construing that document most strongly against its drafter, the Bank, Christmas v. Cooley, 158 Colo. 297, 406 P.2d 333, it refers only to the future and, therefore, does not apply, to past obligations where the "sums of money" have already been advanced "before the existence of the guaranty. "The liability of the guarantor is not to be extended by implication beyond the express limits or terms of the instrument, or its plain intent." Burkhardt v. Bank of America, 127 Colo. 251, 256 P.2d 234. As written, the guaranty does not apply to the preexisting $37,500 and $27,000 notes, and that part of the judgment is reversed.

$68,000 OBLIGATION
At the commencement of this action on February 4, 1971, before any defendant had been served with process, the Bank obtained a judgment by confession against Mr. Warner based on the cognovit provisions in a $68,000 note signed by him. That judgment was for the full $68,000 on principal, $4,760 interest to date of judgment, and $3,500 as attorney's fees, together with costs. Thereafter, the Bank filed an amended and then a second amended complaint asking for judgment on the $68,000 note and on the two other notes. Service was obtained on all named defendants. At the trial on the second amended complaint, this $68,000 note was not offered into evidence and it is not included as an exhibit in this record, so its terms are not properly before us.
Mrs. Warner's continuing guaranty applied to all advances made to the borrower after its date. See Valley National Bank v. Foreign Car Rental, Inc., 157 Colo. 545, 404 P.2d 272. There was evidence admitted at the trial that established that the Bank advanced funds to Mr. Warner personally commencing in September of 1967. The unpaid balance of these advances totaled $68,000 at the commencement of this action. There was evidence that the Bank would not have made these advances without the guaranty. That is sufficient to support a judgment against Mrs. Warner on her guaranty to the extent *1135 of the unpaid principal balance on this obligation at the date of the judgment against her.
However, the evidence that supports a judgment against Mrs. Warner on this obligation also reveals that the principal balance due and owing at the time of judgment was less than the $68,000 owing at the commencement of the action. The Bank ledger sheet for this transaction shows principal payments totaling $35,815.28 were made on this loan between June 10 and August 30, 1971. These reduced the principal balance to $32,184.72 as of August 30, 1971. The judgment as to principal should not exceed this lower figure.
The guaranty contains no express provision for interest or for the liability of the guarantor therefor. Absent a provision to the contrary in the instrument, it is the rule "that when a guarantor of a debt has not paid an obligation which has matured and become a primary obligation of that guarantor [by default of the debtor], interest is recoverable from the guarantor only from the time of notice and demand." Greenleaf v. Manco Chemical Co., Inc., 30 Colo.App. 367, 492 P.2d 889. Since there is no evidence that any demand for payment was made on Mrs. Warner until she was served with process in this action, the Bank is entitled to interest on the unpaid principal balances due from date of service to date of judgment, at the legal rate of 6% per annum, less the 6% portion of any interest payments made thereon to judgment date. The judgment for interest must be modified accordingly.
Also, because of the absence of any provision in the guaranty for costs of collection or attorney's fees, the judgment for attorney's fees is reversed. "A guaranty may be narrower than the contract between the principal debtor and his creditor." Sutton, Steele & Steele Mfg., Milling & Mining Co. v. McCullough, 64 Colo. 415, 174 P. 302.
The judgment on the $37,500 and the $27,000 notes is reversed; the judgment on the $68,000 obligation is modified as set forth above, and, as modified, is affirmed. The cause is remanded for determination of the proper amount of principal and interest to be included in the modified judgment on the $68,000 obligation and for entry of that judgment with interest thereon from August 11, 1972, the date of the original judgment against Mrs. Warner.
SILVERSTEIN, C. J., and COYTE, J., concur.