547 P.2d 1291 (1976)
FIRST COMMERCIAL CORPORATION, Plaintiff-Appellee,
v.
James C. GETER, Jr., Defendant-Appellant.
No. 75-452.
Colorado Court of Appeals, Div. II.
February 26, 1976.
*1292 Davis, Graham & Stubbs, Thomas S. Nichols, William A. Bianco, Denver, for plaintiff-appellee.
Sobol & Sobol, P. C., Harry Sobol, Denver, for defendant-appellant.
Selected for Official Publication.
ENOCH, Judge.
James C. Geter, Jr., appeals from a summary judgment entered in favor of First Commercial Corporation (FCC) against him as guarantor. We affirm.
The trial court found the following facts to be uncontroverted. In 1973 agreements were executed between FCC and Nassco of Denver, Inc., including several security agreements. Pursuant to such contracts, FCC advanced to Nassco in the form of a revolving loan the sum of $3,398,891. On the same date that the contracts were executed, Geter and two other individuals executed a personal guaranty with respect to all advances made by FCC to Nassco. Nassco defaulted on its obligations to FCC and was adjudicated a bankrupt on August 26, 1974.
In July 1974, FCC commenced this action against Nassco, Geter, and two other named individuals as guarantors. Multiple claims were asserted against the three individuals. The action against Nassco was stayed by the bankruptcy proceedings; however, the bankruptcy court granted permission *1293 to FCC to liquidate its collateral and FCC applied the net proceeds to Nassco's debts and reduce its claims against Geter accordingly. FCC then moved for summary judgment against Geter on one claim only and filed affidavits in support of the motion. Geter did not file any opposing affidavits or factual material. The court ruled in favor of FCC on the motion and entered judgment against Geter in the sum of $1,101,654 plus interest and the sum of $45,478 as expenses recoverable under the guaranty. The court also expressly determined that there was no just reason for delay and directed entry of the judgment under C.R.C.P. 54(b).
Geter argues that because the bankruptcy court had exclusive jurisdiction of the matter the district court had no jurisdiction to determine the amount of the debt, that the district court erred in its findings that the defenses alleged by Geter were not as a matter of law valid defenses to the claim of FCC, and that the court erred in its grant of a C.R.C.P. 54(b) certification.
Geter argues that under Rule 601 of the Rules of Bankruptcy the filing of the petition operated as a stay of the action by FCC against Geter as guarantor. However, the stay provisions, §§ 2a(15) & 11, of the Bankruptcy Act, (11 U.S.C. §§ 11a(15) and 29), and the Rules of Bankruptcy Procedure 401 and 601, relating to stays, apply only to actions brought against the bankrupt and such stay provisions are personal to the bankrupt. 1A Collier on Bankruptcy, ¶ 11.02 (J. Moore & L. King 14th ed. 1975.) Since under § 16 of the Bankruptcy Act, 11 U.S.C. § 34, the liability of a person who is a guarantor for a bankrupt is not altered in any way by the discharge of the bankrupt, the stay provisions do not operate on behalf of the guarantor. Moreover, since Nassco was not involved in the proceeding against Geter, a determination of the amount of the debt Nassco owes to FCC and thus the amount of Geter's liability, would not bind Nassco in any other court. See Pomeroy v. Waitkus, 183 Colo. 344, 517 P.2d 396; Murphy v. Northern Colorado Grain Co., Inc., 30 Colo.App. 21, 488 P.2d 103. Thus the district court had jurisdiction in this case to determine Geter's liability to FCC, and this action was not stayed by the filing of a petition in bankruptcy by Nassco.
In his pleadings, Geter raised several defenses to the action of FCC, including (1) a failure on behalf of FCC to mitigate damages and (2) changes detrimental to the guarantor which were made by the creditor without the consent of the guarantor. Geter argues that these defenses raised material issues of fact which were in dispute at the hearing on the motion for summary judgment, and that, as a result, the motion should have been denied.
Geter's argument that FCC failed to mitigate damages is based on the allegation that FCC failed to dispose of the collateral in a "commercially reasonable" manner as required by the Uniform Commercial Code, §§ 4-9-501 to 4-9-507, C.R. S. 1973. However, the guaranty provided by its terms that Geter unconditionally guaranteed the payment of all indebtedness of Nassco and stated:
"[L]iability of the undersigned hereunder is direct and unconditional and may be enforced without requiring Secured Party first to exercise, enforce, or exhaust, any remedy against Borrower, any other guarantee, or collateral, and shall continue in full force and effect until all indebtedness of Borrower to Secured Party shall have been fully paid and satisfied."
Thus, by its terms, the document is an absolute guaranty and the obligation of the guarantors may be immediately enforced, without the necessity of an action against the principal obligor or collateral. Prather v. Roto Ignition Sales, Inc., 171 Colo. 459, 468 P.2d 29; Joe Heaston Tractor & Implement Co. v. Securities Acceptance Corp., 243 F.2d 196 (10th Cir.).
*1294 Geter's second defense alleges that he is released from his agreement as a guarantor because the obligation guaranteed was modified by FCC. Geter introduced no affidavits relating to this defense, apparently preferring to rely on the bare allegation in the pleadings. However, even assuming that the allegation in the pleadings is sufficient, Geter's reliance on Jackson v. First National Bank, 28 Colo. App. 415, 474 P.2d 640, is misplaced. In Jackson, the court held that where the creditor has chosen to materially alter the principal obligation to the detriment of the guarantor, without the guarantor's consent, then the guarantor's liability is discharged. However, where the guaranty contract contains a provision which authorizes a change in the terms of the principal contract, a change within the scope of that authorization does not discharge the guarantor. 38 Am. Jur. 2d Guaranty § 83. In this case the guaranty contract specifically stated that it would not be affected or impaired by any modification, extension or amendment of any agreement between the borrower and secured party. Thus, even if a change in the underlying agreement has been made, as alleged, it would be of no consequence with regard to Geter's individual liability.
Since Geter failed to raise specific fact showing that there was a genuine issue for trial, the trial court's entry of summary judgment was proper. Sullivan v. Davis, 172 Colo. 490, 474 P.2d 218; Abrahamsen v. Mountain States Tel. & Tel. Co., 177 Colo. 422, 494 P.2d 1287.
Geter also alleges that the trial court incorrectly entered judgment in this action pursuant to C.R.C.P. 54(b). C.R.C. P. 54(b) provides in pertinent part:
"[W]hen multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer then all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."
Here, there were multiple parties and claims involved and the trial court not only made the express determination and direction in the form and manner required by the statute, but made extensive findings of fact as to why no just reason for delay existed. The decision by the trial court to enter a C.R.C.P. 54(b) certification is a matter within the sound discretion of the court. Trans Central Airlines, Inc. v. Peter J. McBreen & Associates, Inc., 31 Colo.App. 71, 497 P.2d 1033. Nevertheless, Geter argues that the amount owing FCC is not definitely determined and that therefore there were just reasons for delay in the entry of the summary judgment. However, the trial court entered judgment only for the amount stated in FCC's affidavit to be owing, which amount was not attacked in any manner by Geter in response to the motion for summary judgment.
Geter also alleges that just cause for delay existed because criminal proceedings were pending against him. We find no merit in this contention. In any event, the trial court found that Geter had waived his rights to a speedy trial in the criminal action and therefore no just reason existed to delay entry of the judgment in this case. Since that determination was clearly a proper exercise of the court's discretion, the decision to enter judgment under C.R.C.P. 54(b) will not be disturbed on review.
Judgment affirmed.
RULAND and STERNBERG, JJ., concur.