564 P.2d 955 (1977)
CONTINENTAL NATIONAL BANK, a National Banking Association, Plaintiff-Appellee,
v.
James V. DOLAN, Ivy M. Dolan, and Dolan Electric Company, Inc., a corporation, Defendants-Appellants.
No. 76-359.
Colorado Court of Appeals, Div. I.
February 3, 1977.
Rehearing Denied March 10, 1977.
Certiorari Denied May 31, 1977.
*956 Dawson, Nagel, Sherman & Howard, H. Clay Whitlow, Denver, for plaintiff-appellee.
James V. Dolan, pro se.
Ivy M. Dolan, pro se.
COYTE, Judge.
Defendants, James and Ivy Dolan, appeal the denial of their motion to set aside a summary judgment entered in favor of *957 plaintiff, Continental National Bank. We modify the judgment and, as modified, affirm.
Plaintiff commenced this litigation in July 1974, seeking recovery of an alleged debt under the terms of a promissory note executed by Dolan Electric Company, Inc., and guaranteed by defendants. Following various procedural developments, including the filing of an amended complaint containing a second claim for relief and the filing of counterclaims by defendants, Dolan Electric, acting pursuant to C.R.C.P. 68, served plaintiff with an offer of judgment in the amount of $500. This offer was accepted on May 28, 1975, but was not filed until February 3, 1976.
In August 1975, plaintiff moved for summary judgment against the Dolans on the basis that, inasmuch as they had failed to respond to requests for admissions, certain matters were deemed admitted and therefore no material factual issue remained in the case. Plaintiff did not bring to the attention of the trial court, either in its motion or in the supporting memorandum, the previous offer and acceptance.
Defendants failed to appear at the January 12, 1976, hearing on the summary judgment. The court accordingly granted plaintiff's motion, directing that a written order be prepared. This order does not appear in the record.
On January 23, 1976, defendants moved for relief under C.R.C.P. 60 requesting the judgment be set aside and a new hearing granted. The trial court concluded that defendants had failed to establish a meritorious defense to the summary judgment motion and thus denied defendants' motion for relief. This ruling was in error.
Relief from a judgment may be granted on equitable grounds. C.R.C.P. 60(b); Dudley v. Keller, 33 Colo.App. 320, 521 P.2d 175 (1974). While the grant or denial of such relief is within the discretion of the trial court, an abuse of this discretion will warrant reversal. Ehrlinger v. Parker, 137 Colo. 514, 327 P.2d 267 (1958). Here, the defense raised by the Dolans based on the offer and acceptance was prima facie meritorious, as is prerequisite to the granting of relief, Orebaugh v. Doskocil, 145 Colo. 484, 359 P.2d 671 (1961), and operated to limit plaintiff's recovery.
The offer and acceptance of May 1975, had been made part of the record prior to the hearing on defendants' C.R.C.P. 60 motion. Consequently, it was incumbent upon the trial court to recognize the validity of what was, in effect, a previous judgment. As C.R.C.P. 68 explicitly states, when a party files an offer and notice of acceptance, "thereupon the clerk shall enter judgment" (emphasis added). Such settlements operate as an accord and satisfaction, Berdell v. Bissell, 6 Colo. 162 (1882), and the policy underlying Rule 68 demands that they be supported so far as legally possible. Stanley v. Nazarenus, 86 Colo. 326, 281 P. 358 (1929); see also Janicek v. Hinnen, 34 Colo.App. 68, 522 P.2d 113 (1974). Defendants' offer and plaintiff's acceptance thus should have been regarded by the trial court as a judgment against Dolan Electric and wholly determinative of plaintiff's claim against it as the principal debtor.
Similarly, Dolans' liability as guarantors should have been reduced to the amount of the principal indebtedness. We reject as unpersuasive plaintiff's contrary assertion that the Dolans remained liable for more than the amount of the offer under their earlier contract to "absolutely and unconditionally guarantee" the indebtedness of Dolan Electric.
An absolute guaranty is one by which the guarantor unconditionally promises payment or performance of the principal contract on default of the principal debtor. Yama v. Sigman, 114 Colo. 323, 165 P.2d 191 (1946). Unless expressly agreed otherwise, a guarantor's liability is generally co-extensive with that of the principal. General Electric Credit Corp. v. Castiglione, 142 N.J.Super. 90, 360 A.2d 418 (1976); see also United States v. Immordino, 386 F.Supp. 611 (D.Colo.1974). While a guaranty contract may authorize modification of the principal contract without release of the guarantor, First Commercial Corporation v. Geter, Colo.App., 547 P.2d 1291 (1976), a *958 guaranty is to be strictly construed, Yama v. Sigman, supra, and reasonably interpreted according to the intention of the parties as disclosed by surrounding circumstances. Valley National Bank v. Foreign Car Rental, Inc., 157 Colo. 545, 404 P.2d 272 (1965).
Here, the principal debt was reduced through an offer of judgment accepted by the plaintiff, which acceptance reserved no rights against the Dolans in excess of the offer. This resolution of a disputed claim and defendants' various counterclaims was not merely a modification of the principal contract, but a final determination of the amounts due under it. Accordingly, this guaranty contract cannot reasonably be interpreted to afford plaintiff a right to proceed against the Dolans for an amount exceeding that designated in the offer. To so interpret the guaranty would subvert the obvious purposes underlying Rule 68. It would permit not only a continuance of litigation ostensibly resolved, but would also endorse the questionable practice of inducing one party to tender a goodfaith offer of judgment and to rely on its acceptance only to be subsequently confronted with vigorous attempts to circumvent its effect. We decline to construe the guaranty contract at issue here in such a fashion as to vitiate the clear purport of C.R.C.P. 68.
In light of the foregoing, the award of attorneys' fees to plaintiff was also in error. Any liability for these fees under the terms of the guaranty contract was comprehended in defendants' offer of judgment. Plaintiff's acceptance precluded further claims on this ground either against the company or, for the reasons above, against the Dolans.
The judgment is reduced to $500 and as so modified is affirmed.
SILVERSTEIN, C. J., and VanCISE, J., concur.