Joseph **FARBER**, d/b/a Joseph Farber and Associates, Plaintiff-Appellant,

v.

**GREEN SHOE MANUFACTURING COMPANY**, a foreign corporation, Defendant-Appellee.

**No. 81CA0075.**

Colorado Court of Appeals, Div. III.

Aug. 18, 1983.

Rehearing Denied Sept. 15, 1983.

Certiorari Granted March 5, 1984.

Berenbaum & Berenbaum, Charles A. Bewley, Peter R. Bornstein, Denver, for plaintiff-appellant.

Grant, McHendrie, Haines & Crouse, P.C., Phyllis Cox, Denver, for defendant-appellee.

PIERCE, Judge.

Plaintiff, Joseph Farber, lessor (Farber), appeals the trial court's judgment for defendant, guarantor, Green Shoe Manufacturing Company, a/k/a Stride Rite Corporation, a foreign corporation (Green Shoe), in this breach of lease action. We reverse.

In July 1967, Farber leased commercial property for a 10-year term, beginning in September, to lessee, S and L Junior Bootery, Inc. (S and L). The lease was signed by S and L's president, William O. Smith, both in his representative capacity and as an individual. Green Shoe, by its president, executed a written guaranty of performance under the lease in August. The guaranty reads as follows:

"The undersigned, Green Shoe Manufacturing Co. ... does hereby *guarantee* the prompt and faithful *performance* of all of the terms and provisions of the foregoing Lease *by S and L Junior Bootery, Inc.*, including, but not limited to, the payment of all installments of rent as provided in said Lease.

"The undersigned does hereby waive each and every notice to which he might otherwise be entitled under said Lease and *expressly consents to* any extension of time, leniency, *modification*, waiver, forbearance or change which may be made *in any of the terms* and *conditions* of said Lease by the parties thereto *or by their successors or assigns.* No such change, modification, extension, or forbearance shall release the undersigned from any liability or obligation hereby incurred or assumed, and the undersigned expressly waives any notice of default in or under any of the terms of said Lease." (emphasis added)

In early 1971, the S and L Junior Bootery, Inc. stock was sold to two new owners. These individuals sought to move the business to commercial space larger in size and located three shopping center spaces from the original location. In connection with

the move, Farber, S and L Junior Bootery, Inc., by its new president, and two other individuals executed an amendment to the 1967 lease changing the location of the leased premises and the amount of rent. Green Shoe was not asked to sign this lease modification, although one of its sales representatives was present during the execution of this lease amendment.

S and L failed to pay rent and other amounts due and owing Farber beginning in May and continuing through July 1972. Farber gave S and L notice of default in June, after which S and L remained in default.

Farber filed this action to recover possession of the premises, past and future rent, liquidated damages, and costs. That portion of the judgment which granted him possession of the premises is not contested here. Farber does contest, however, the trial court's judgment for Green Shoe on the issue of liability as per the written guaranty of performance under the lease.

In discharging the guarantor from liability under the written guaranty, the trial court focused upon the individual liability of William O. Smith as a lessee in the 1967 lease. The court questioned why testimony from this individual had not been presented to the court and further questioned the absence of any assignment of his interest to the new owners of the corporation. Because there was a complete change of the individuals involved as lessees in the lease modification as compared with the original lease, the court concluded that Green Shoe was completely discharged from its obligation under the lease.

The sole issue before us is whether the trial court erred when it discharged Green Shoe from its obligations under the guaranty. Green Shoe argues that the 1971 lease modification constitutes the execution of an entirely new lease agreement for which it cannot be held liable. Farber maintains the guaranty is absolute and unconditional, specifically allowing for changes or modifications in the terms of the lease and in the parties thereto. Neither party raised the issue of whether a valid assignment of the

lease occurred in 1971. Only the modification of terms and conditions in the original lease is raised as a question for interpretation.

## I. *The Guaranty*

■ Where the evidence consists of written documents, we are not bound by the trial court's findings relative to the interpretation of such documents. *Stephenson v. Stephenson,* 134 Colo. 96, 299 P.2d 1095 (1956); *Stratford v. Littlehorn,* 635 P.2d 910 (Colo.App.1981).

■ A guaranty is to be strictly construed and reasonably interpreted according to the intention of the parties as disclosed by surrounding circumstances. *Continental National Bank v. Dolan,* 39 Colo.App. 16, 564 P.2d 955 (1977). An absolute guaranty is one by which the guarantor unconditionally promises payment or performance of the principal contract on default of the principal debtor, and a guarantor's liability is generally coextensive with that of the principal, unless expressly agreed otherwise. *Continental National Bank v. Dolan, supra.*

■ A material alteration of the guarantor's obligation made without his consent may discharge his liability; nevertheless, where the guaranty contract itself contains a provision which authorizes a change in the terms of the principal's contract, a change within the scope of that authorization does not discharge the guarantor. *Park National Bank v. Gandy,* 42 Colo. App. 203, 595 P.2d 704 (1979), *rev'd on other grounds,* 200 Colo. 298, 615 P.2d 20 (1980).

■ Here, the guaranty is unambiguous on its face. *See Valley National Bank v. Foreign Car Rental Inc.,* 157 Colo. 545, 404 P.2d 272 (1965). We construe it to be an absolute guaranty. *See Yama v. Sigman,* 114 Colo. 323, 165 P.2d 191 (1945); *Continental National Bank v. Dolan, supra.*

Although the lease was modified in 1971, the guarantor expressly consented to, and broadly authorized, changes in the terms of

the principal contract made by "the parties thereto or by their successors or assigns." Therefore, the trial court's ruling discharging the guarantor from its obligations because of the changes in the original lease was incorrect.

The judgment is reversed, and the cause is remanded for amendment of the judgment so that it is consistent with this opinion.

VAN CISE and KELLY, JJ., concur.