**AUTOCON INDUSTRIES, INC.,**
**Plaintiff-Appellee,**

v.

**The WESTERN STATES CONSTRUCTION COMPANY, INC., a Wyoming corporation; and Safeco Insurance Company of America, Defendants-Appellants.**

**No. 84CA0683.**

Colorado Court of Appeals,
Div. I.

Aug. 14, 1986.

Yu, Stromberg & Huotari, P.C., Frederick Y. Yu, Denver, for plaintiff-appellee.

Herbert A. Shatz (on the briefs), Denver, Wyatt and Martell, Bill Wyatt, Fort Collins, for defendants-appellants.

BERMAN, Judge.

Defendants, Western States Construction Company, Inc. (Western), the general contractor, and Safeco Insurance Co. of America (Safeco), its bonding company, appeal the judgment entered against them and in favor of plaintiff, Autocon Industries, Inc. (Autocon), who manufactured and supplied certain equipment used in the Big Dry Creek Wastewater Treatment Plant Project (project). We affirm.

Western was the general contractor for the City of Westminster (City) for the construction of a waste water treatment plant. Safeco issued a performance, payment, and maintenance bond for the project. Western was the principal on the bond.

101 Corporation, d/b/a Colorado Environmental Equipment, Inc., (Colorado Equipment) hired Autocon to design and construct a computerized variable frequency drive pump control (VFD). Colorado Equipment was a supplier to Western. Additionally, Western's contract with Westminster called for the VFD to be provided by Autocon.

The VFD supplied by Autocon was designed and built specifically for the Westminster project. Autocon originally had agreed to aid in the installation of the VFD. However, after Autocon delivered the VFD, Western proceeded to install and make operational the VFD without the assistance of Autocon.

Autocon never received payment for the VFD and brought this action to recover under its contract for the construction and delivery of the VFD. The trial court held that both Western and Safeco had a duty to pay Autocon for the VFD. This appeal ensued.

The first issue in this case is whether Autocon is a third-party beneficiary on the payment bond issued by Safeco for the benefit of Western. We agree with the trial court that Autocon may recover under the bond.

A person may enforce a contractual obligation made for his benefit although he was not a party to that agreement so long as the promise to be enforced is apparent from express provisions of the agreement. *Montezuma Plumbing & Heating, Inc. v. Housing Authority,* 651 P.2d 426 (Colo. App.1982); *Cox v. Fremont County Public Building Authority,* 415 F.2d 882 (10th Cir.1969).

Here, Autocon was listed in Western's contract with the City as a supplier or manufacturer. This is the same contract upon which Safeco issued its bond. The VFD was a project specification and was custom-made for the project.

Furthermore, Safeco's bond provides:
"The principal shall pay all persons, firms and corporations, for all just claims due them for labor performed, for all

materials and equipment furnished and for all materials and equipment used or rented in the performance of Principal's contract."

It is undisputed that Autocon designed and manufactured the VFD equipment used in the project.

Based on these facts, we agree with the trial court's finding that Autocon was a third-party beneficiary of the payment bond issued by Safeco for the benefit of Western.

Defendants next claim the trial court erred in awarding interest from the time of the filing of the lawsuit, rather than the date of judgment. We disagree.

Section 5-12-102(1), C.R.S. (1985 Repl. Vol. 5) provides that when there is no agreement as to the rate of interest and when money has been wrongfully withheld, a creditor is entitled to interest in an amount which fully recognizes the gain or benefit realized by the person withholding such money from the date of the wrongful withholding to the date of payment or to the date judgment is entered, whichever first occurs, or at the election of the claimant.

In contrast, when a guarantor of a debt has not paid an obligation which has matured and has become a primary obligation of that guarantor, interest is recoverable from the guarantor only from the time of notice and demand. *Peoples Bank & Trust v. Warner*, 35 Colo.App. 434, 535 P.2d 1132 (1975).

There is no evidence that demand was made prior to the filing of the claim, and thus, the date of filing became the date of demand. Accordingly, we agree with the trial court's ruling that interest should be paid from the date of filing since that is the date of notice and demand.

Because we conclude that Autocon was a third-party beneficiary under the payment bond, we need not discuss whether Autocon was also a materialman pursuant to § 38-22-105, C.R.S. (1982 Repl.Vol. 16A).

We reject Autocon's contention that this appeal is frivolous.

The judgment is affirmed.

PIERCE and TURSI, JJ., concur.