C.I.I.S. PARTNERS, a partnership; and Western Meadows, Ltd., a limited partnership, Plaintiffs–Appellants,

v.

Gregory MILLER and Donald Moses, Defendants–Appellees.

No. 87CA0408.

Colorado Court of Appeals,
Div. IV.

April 28, 1988.

Rehearing Denied May 26, 1988.

Certiorari Denied Oct. 17, 1988.

Stevens & Littman, Andrew C. Littman, Boulder, for plaintiffs-appellants.

Grant, Bernard, Lyons & Gaddis, Richard N. Lyons, Longmont, for defendant-appellee Donald Moses.

No appearance for defendant-appellee Gregory Miller.

TURSI, Judge.

C.I.I.S. Partners and Western Meadows, Ltd. (landlords) appeal the summary judgment dismissing their complaint against Gregory Miller and Donald Moses (guarantors). We affirm as to Miller and reverse as to Moses.

U–Plumb–It Corporation (tenant) leased spaces 5 and 6 in landlords' shopping center. Miller and Moses were officers and alleged shareholders and directors of tenant. Since landlords were unfamiliar with Miller and tenant had no history as an ongoing business entity, landlords required Moses to guarantee payments under the lease. Miller also signed the guaranty which provided: "To accept lessee's corporate signature lessor has required and undersigned hereby personally guarantees all of lessee's obligations contained in this lease." The guaranty was an addendum to the lease.

Tenant decided to move to a different location in the shopping center. Moses, as secretary of tenant corporation, negotiated an addendum to the lease with landlords which released spaces 5 and 6, substituted spaces 2 and 3, and raised the monthly rent about $100. Tenant moved to the new location then defaulted on the lease and vacated the premises.

Landlords sued tenant and guarantors to enforce the lease and guaranty. Guarantors and landlords both moved for partial summary judgment on the guaranty. Guarantors cited *Green Shoe Manufacturing Co. v. Farber*, 712 P.2d 1014 (Colo. 1986) and asserted that, as a matter of law, the surrender of the demised premises and leasing of new premises was not a modification of an existing lease, but rather was a new lease and that guarantors did not guarantee the new lease. Landlords maintained that when the parties executed the lease addendum, they intended to amend the old lease and did not intend to create a new lease.

The trial court, relying on *Green Shoe Manufacturing Co. v. Farber, supra,* determined that the addendum created a new lease by completely changing the leased premises. It concluded that guarantors were not liable under the new lease and granted summary judgment in their favor.

It later appeared that tenant had become a defunct corporation. Accordingly, the

trial court dismissed the claim against tenant on landlords' motion and entered final judgment.

## I

■ Landlords assert that a change of premises within the shopping center alone was not enough to discharge guarantors' liability on the theory that a new lease had been formed. They maintain that in *Green Shoe Manufacturing Co. v. Farber, supra,* there were three factors that combined to transform the modification into a new lease.

While the court in *Green Shoe* discussed three factors that worked in combination, it primarily stated:

"Since the demised premises are basic elements of a lease, a change in those premises, at some point, must result in the creation of a new lease. While we do not attempt to draw that line here, it is clear that where no part of the original premises is covered by the new agreement, that new agreement goes beyond a mere modification of the original...."

*Green Shoe Manufacturing Co. v. Farber, supra.*

Here, no part of the original premises remained as part of the agreement pursuant to the addendum. Therefore, we agree with the trial court that a new lease was created by the addendum.

## II

Landlords also contend that the trial court erred by entering summary judgment in favor of Moses since he consented to the alterations of his guarantor obligation, and therefore, his guarantor's liability was not discharged. We agree.

■ In general, when the principal obligation is materially altered to the detriment of the guarantor, without the guarantor's consent, that alteration discharges the guarantor's liability. *Green Shoe Manufacturing Co. v. Farber, supra; Jackson v. First National Bank,* 28 Colo.App. 415, 474 P.2d 640 (1970). However, the consent of the guarantor to alterations is binding whether it is expressed as a part of the initial obligation or is given later either before or subsequent to the alteration. Restatement of Security § 128 comment c (1941).

In order to determine the scope of a guarantor's liability, the guaranty must be "reasonably interpreted according to the intention of the parties as disclosed by the surrounding circumstances." *Continental National Bank v. Dolan,* 39 Colo.App. 16, 564 P.2d 955 (1977).

Here, Moses, as secretary of the corporation, initiated the change in the premises underlying the lease, then negotiated, and executed the lease addendum. Moses' central involvement in the change in location and execution of the addendum raises a question regarding his intention to consent to the alterations as guarantor.

Since the parties' intent is a factual question, *Chambliss/Jenkins Associates v. Forster,* 650 P.2d 1315 (Colo.App.1982), there remains a genuine issue of material fact to be resolved. Hence, the trial court committed reversible error by entering summary judgment in favor of Moses. C.R.C.P. 56(c); *Abrahamsen v. Mountain States Telephone & Telegraph Co.,* 177 Colo. 422, 494 P.2d 1287 (1972).

We distinguish this case from *Green Shoe Manufacturing Co. v. Farber, supra,* in that *Green Shoe* concerned a landlord who sought to hold the guarantor of the lease liable based on a broad consent-for-modification clause in the original lease. Here, landlords do not rely on such a clause, but rather maintain that Moses consented to the alteration of his obligation by negotiating and executing the addendum. This issue of the guarantor's consent to the alteration of the obligation subsequent to the original guaranty agreement was not addressed in *Green Shoe.*

We have considered and reject landlords' remaining contention. We deny guarantors' request for fees and costs on appeal.

Since landlords do not make a consent argument with respect to guarantor Miller, we will not disturb the summary judgment in his favor, and it is affirmed.

The judgment in favor of Moses is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

KELLY C.J., and METZGER, J., concur.

J.E.S., Petitioner–Appellee,